# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONEY AND DATA PROTECTION LIZENZ GMBH & CO. KG, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DUO SECURITY, INC., )<br>)<br>Defendant. ) | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Money and Data Protection Lizenz GmbH & Co. KG ("MDPL"), by and through its attorneys, alleges against Defendant Duo Security, Inc. ("Duo") as follows:

## NATURE OF THE ACTION

1. MDPL owns the inventions described and claimed in United States Patent No. 9,246,903 entitled "Authentication Method" (the "'903 Patent"), a copy of which is attached to this complaint as Exhibit A.

2. Duo, without MDPL's permission, has used and continues to use MDPL's patented technology in products and services that Duo makes, uses, imports, sells, and offers to sell. MDPL seeks monetary damages for patent infringement and an injunction preventing Duo from making, using, selling, or offering to sell MDPL's technology without permission.

## THE PARTIES

3. Money and Data Protection Lizenz GmbH & Co. KG is a foreign company organized and existing under the laws of Federal Republic of Germany with a place of business at Niederfeldstrasse 19, Bielefeld, Germany 33611.

4.     Duo Security, Inc. is a corporation organized and existing under the laws of the State of Delaware with a principal place of business at 1327 Jones Drive, Suite 106, Ann Arbor, Michigan 48105.

## JURISDICTION AND VENUE

5.     This is a civil action for patent infringement arising under the United States patent statutes, 35 U.S.C. §§ 271 and 281, *et seq.*

6.     The Court has exclusive subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

7.     The Court has personal jurisdiction over Duo because Duo is organized and exists under the laws of the State of Delaware, and Duo is a resident of the State of Delaware.  Duo also has conducted and does business within the State of Delaware, and it has designated The Corporation Trust Company as its agent for service of process in the State of Delaware.

8.     Venue is proper in this District pursuant to 28 U.S.C. § 1400(b) because Duo is a resident of the State of Delaware.

## COUNT FOR PATENT INFRINGEMENT

9.     On January 26, 2016, the United States Patent and Trademark Office issued the '903 Patent, entitled "Authentication Method."  At the time of its issue, the '903 Patent was assigned to MDPL, and MDPL is currently the owner of the '903 Patent with full rights to pursue recovery of royalty or damages for infringement of such patent, including full rights to recover past and future damages.

10.    Each claim of the '903 Patent is valid and enforceable.

11. Duo has infringed one or more claims of the '903 Patent, literally and/or under the doctrine of equivalents, and, unless enjoined, will continue to do so, by making, using, selling, offering for sale infringing products and services, without a license or permission from MDPL.

12. Duo's infringing products and services include the Duo Mobile app and any other products and services for two-factor user authentication that perform an authentication function using a mobile device.

13. Exemplary claim 1 of the '903 Patent recites:

A method of authenticating a user to a transaction at a terminal, comprising the steps of:

> transmitting a user identification from the terminal to a transaction partner via a first communication channel,
>
> providing an authentication step in which an authentication device uses a second communication channel for checking an authentication function that is implemented in a mobile device of the user,
>
> as a criterion for deciding whether the authentication to the transaction shall be granted or denied, having the authentication device check whether a predetermined time relation exists between the transmission of the user identification and a response from the second communication channel,
>
> ensuring that the authentication function is normally inactive and is activated by the user only preliminarily for the transaction,
>
> ensuring that said response from the second communication channel includes information that the authentication function is active, and
>
> thereafter ensuring that the authentication function is automatically deactivated.

14. Duo's products and services, including Duo Mobile, are designed to be used by customers in a way that infringes at least every element of claim 1 of the '903 Patent. For example, Duo Mobile implements a method of authenticating a user to a transaction at a terminal through its secure, two-factor authentication app, which enables users to "quickly verify their identity by approving push notifications" before accessing each of their "work, personal, cloud

and on-premises apps" with one simple mobile application.  *See* https://duo.com/product/trusted-users/two-factor-authentication/duo-mobile.

15. Using Duo Mobile/Push includes a steps of transmitting a user identification from the terminal to a transaction partner:

> The Duo Mobile app delivers two-factor push notifications to your phone for fast and secure access that won't slow your users down.
>
> After logging in with your username and password, choose Duo Push on the authentication prompt.

*See* https://duo.com/product/trusted-users/two-factor-authentication/authentication-methods/duo-push.

16. Using Duo Mobile/Push includes transmitting a user identification to a transaction partner (shown below as step 1) via a first communication channel:



*See* https://duo.com/docs/rdp.



4

*See* https://duo.com/docs/duoweb.

17. Duo Mobile/Push provides an authentication step that includes checking an authentication function that is implemented in a mobile device of the user:

> After logging in with your username and password, choose Duo Push on the authentication prompt. Then, tap 'Approve' on the push notification sent to your phone seconds later to securely access your application.
>
> The Duo Prompt lets you choose how to verify your identity each time you log in.



*See* https://duo.com/product/trusted-users/two-factor-authentication/authentication-methods/duo-push.

18. Duo Mobile provides an authentication step in which an authentication device uses a second communication channel for checking an authentication function (shown below as step 4):



5

*See* https://duo.com/docs/rdp.

19. Duo Mobile checks whether a predetermined time relation exists between the transmission of the user identification and a response from the second communication channel as a criterion for deciding whether the authentication to the transaction shall be granted or denied by allowing a 60 second time interval for a response from the mobile device. *See* https://help.duo.com/s/article/2185?language=en_US.

20. Duo Mobile ensures that the authentication function is normally inactive and is activated by the user only preliminarily for the transaction by transmitting Duo Push notification only when login is requested. *See* https://guide.duo.com/android.

21. Duo Mobile ensures that said response from the second communication channel includes information that the authentication function is active by transmitting user approval response from the mobile device. *See* https://guide.duo.com/android.

22. Duo Mobile ensures that the authentication function is automatically deactivated by transmitting Duo Push notification only when login is requested and expiring the notification after a 60 second time interval. *See* https://help.duo.com/s/article/2185?language=en_US.

23. Duo's products and services, including Duo Mobile, lack substantial non-infringing uses, and have been used by customers to infringe the '903 Patent. Duo's continuation of past practices following receipt of this complaint will constitute inducement of infringement and contributory infringement, and give rise to indirect, as well as direct, infringement.

24. Duo's infringement of the '903 Patent has been and continues to be willful. Duo knew of the '903 Patent since at least the filing of this lawsuit. Duo has disregarded and continues to disregard an objectively high likelihood that its actions infringe the '903 Patent. Duo has known of this risk, or this risk is so obvious that Duo should have known of it.

25. MDPL has been damaged by Duo's infringement of the '903 Patent and will suffer further substantial and irreparable harm if Duo is not enjoined from continuing to infringe the '903 Patent.

## PRAYER FOR RELIEF

WHEREFORE, MDPL prays for a judgment in its favor and against Duo, as follows:

A. A judgment holding Duo liable for direct infringement U.S. Patent No. 9,246,903 under 35 U.S.C. § 271(a) and indirect infringement under 35 U.S.C. § 271(b), (c);

B. An order preliminarily and permanently enjoining Duo, its officers, directors, employees, agents, assigns and successors in interest, and all persons in active concert with them, from infringing, and contributing to or inducing others to infringe, the '903 Patent;

C. Compensatory damages awarding MDPL damages caused by Duo's infringement of the '903 Patent in an amount to be proven at trial, but no less than a reasonable royalty, together with pre-judgment interest and post-judgment interest;

D. Enhanced damages pursuant to 35 U.S.C. § 284;

E. A judgment holding this to be an exceptional case, and an award to MDPL for its attorneys' fees, costs and expenses incurred prosecuting this action pursuant to 35 U.S.C. § 285; and

F. Such other and further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38, Plaintiff demands a jury trial on all issues so triable.

|  |  |
|---|---|
|  | Respectfully submitted, |
|  | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ David E. Moore* |
|  | David E. Moore (#3983) |
| Scott T. Weingaertner | Bindu A. Palapura (#5370) |
| Stefan Mentzer | Stephanie E. O'Byrne (#4446) |
| Leon Miniovich | Hercules Plaza, 6th Floor |
| WHITE & CASE LLP | 1313 N. Market Street |
| 1221 Avenue of the Americas | Wilmington, DE  19801 |
| New York, New York 10020 | Tel:  (302) 984-6000 |
| Tel:  (212) 819-8200 | dmoore@potteranderson.com |
|  | bpalapura@potteranderson.com |
|  | sobyrne@potteranderson.com |
| Dated:  September 25, 2018 |  |
| 5938561 / 45431 | *Attorneys for Plaintiff Money And Data Protection Lizenz GmbH & Co. KG* |