# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MONEY AND DATA PROTECTION LIZENZ GMBH & CO. KG, | )<br>)<br>) |
| Plaintiff, | ) C.A. No. 18-1477-CFC<br>)<br>) |
| v. | )<br>) |
| DUO SECURITY, INC., | )<br>) |
| Defendant. | ) |

## PLAINTIFF'S NOTICE OF
## SUBSEQUENT AUTHORITY AND DEVELOPMENTS

Plaintiff Money and Data Protection Lizenz GmbH & Co. KG ("MDPL") submits this notice of subsequent authority and developments pertaining to Defendant Duo Security, Inc.'s Rule 12(c) Motion for Judgment on the Pleadings of Patent Invalidity under 35 U.S.C. § 101 (D.I. 17). The following developments and decisions arose after briefing on the motion closed and therefore could not have been cited to this Court:

1. *Cisco Sys., Inc. v. Money & Data Protection Lizenz GmbH & Co. KG*, No. IPR2019-01638 (P.T.A.B. Mar. 27, 2020) (denying petition for *inter partes review* of U.S. Patent No. 9,246,903) (Ex. A (Petition) and Ex. B (P.T.A.B. Decision)).

2.     *Cisco Sys., Inc. v. Money & Data Protection Lizenz GmbH & Co. KG*, No. IPR2019-01639 (P.T.A.B. Mar. 27, 2020) (denying petition for *inter partes review* of U.S. Patent No. 9,246,903) (Ex. C (Petition) and Ex. D (P.T.A.B. Decision)).

3.     The Court's memorandum order in *Sound View Innovations, LLC v. Delta Air Lines, Inc.*, C.A. No. 19-659-CFC, D.I. 102 (D. Del. Apr. 3, 2020) (deciding that dismissal is not proper "after accepting as true the facts in the pleadings and viewing those facts in the light most favorable to [plaintiff]"; "[i]n the context of computer-related technology, a claim recites an inventive concept 'when the claim limitations involve more than performance of well-understood, routine, and conventional activities previously known to the industry'"; "whether a claim element or combination of elements is well-understood, routine and conventional…is a question of fact").

4.     Defendant's parent company Cisco Systems, Inc. ("Cisco") filed two petitions for *inter partes* review, seeking to challenge the validity of the '903 patent as obvious under 35 U.S.C. § 103.  In its petitions, Cisco alleged that the concepts in the challenged claims were "well-known," "conventional," and "routine," and that the claims would have been obvious over combinations of certain prior art references.  *See* Ex. A, at 7, 14-15, 24, 43; Ex. C, at 7, 13-14, 23, 40, 42, 48, 50-53, 70.  The PTAB disagreed with Cisco and denied both petitions, finding that Cisco's

arguments improperly relied on hindsight and did not demonstrate a reasonable likelihood of prevailing.  *See* Ex. B, at 21, 23, 25, 28; Ex. D, at 21, 22, 24, 28.  As the PTAB also noted, "Patent Owner argues that the [alleged prior art] combination would not be 'combining prior art elements . . . according to known methods . . . to yield predictable results.'  We agree."  Ex. B at 18, Ex. D at 17 (citations omitted).

The denials by the PTAB and the *Sound View* decision support a finding that the claims of the '903 patent, involving computer-related technology, include an inventive concept that was not well-known or conventional in the art, and at minimum demonstrate a material factual dispute on that issue.

POTTER ANDERSON & CORROON LLP

OF COUNSEL:

Scott T. Weingaertner
Stefan Mentzer
Leon Miniovich
WHITE & CASE LLP
1221 Avenue of the Americas
New York, New York 10020
Tel:  (212) 819-8200


Dated:  June 19, 2020
6770893 / 45431

By:  */s/ David E. Moore*
　　　David E. Moore (#3983)
　　　Bindu A. Palapura (#5370)
　　　Stephanie E. O'Byrne (#4446)
　　　Hercules Plaza, 6th Floor
　　　1313 N. Market Street
　　　Wilmington, DE  19801
　　　Tel:  (302) 984-6000
　　　dmoore@potteranderson.com
　　　bpalapura@potteranderson.com
　　　sobyrne@potteranderson.com

*Attorneys for Plaintiff Money And Data Protection Lizenz GmbH & Co. KG*