# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COSMOKEY SOLUTIONS GMBH & CO. KG, | ) ) ) |
| Plaintiff, | ) ) C.A. No. 18-1477-CFC ) |
| v. | ) ) ) |
| DUO SECURITY, INC. n/k/a DUO SECURITY LLC and CISCO SYSTEMS, INC., | ) ) ) ) |
| Defendants. | ) ) |

## AMENDED JOINT CLAIM CONSTRUCTION CHART

Pursuant to the Court's Order Regarding Markman Dates (D.I. 113), Plaintiff CosmoKey Solutions GmbH & Co. KG ("CosmoKey") together with Defendants Duo Security, Inc. n/k/a Duo Security LLC and Cisco Systems, Inc. (collectively, "Defendants") respectively submit the following Amended Joint Claim Construction Chart for U.S. Patent No. 9,246,903 (the "'903 patent"). Since submitting their original Joint Claim Construction Chart on September 1, 2023 (D.I. 91), the parties have continued to confer and have narrowed the disputes. A copy of the '903 patent is attached as Exhibit A.

The parties' citations to the intrinsic evidence below are intended to be exemplary. Cited passages are intended to include all figures and tables referenced or contained therein, whether specifically identified or not. The parties reserve the

right to rely on additional intrinsic evidence to the extent it is necessary to provide additional context or to rebut arguments made during claim construction briefing. Each side further reserves the right to rely on or address any intrinsic evidence identified by the other side. The parties further reserve the right to rely on extrinsic evidence. The parties reserve the right to update and/or supplement their proposed claim constructions with the *Markman* briefing in this case.

Defendants contend that certain terms or phrases in the asserted claims of the '903 patent are indefinite under 35 U.S.C. § 112. *See, e.g.*, 7/3/23 Invalidity Contentions at 37. Defendants understand that the Court does not address assertions of indefiniteness during claim construction. *See, e.g.*, *Nevro Corp. v. Nalu Med.*, 20-CV-291-CFC, Dkt. 126 at 2 (D. Del. Nov. 16, 2021) (stating "…I do not rule on indefiniteness arguments during claim construction."). Consistent with the Court's practice, Defendants therefore will not brief indefiniteness in connection with claim construction and, instead, reserve the right to raise any indefiniteness issues at an appropriate stage later in the case, including at summary judgment or at trial, as the Court deems appropriate. Defendants further reserve the right to use expert testimony in connection with any such indefiniteness arguments.

Plaintiff disagrees that Defendants have identified terms as indefinite as part of their mandatory disclosures. Defendants did not identify any terms as

ambiguous or requiring construction. Defendants also chose not to provide any further disclosures on any potentially ambiguous or indefinite terms in connection with claim construction. Plaintiff reserves the right to argue that Defendants waived any right to dispute that the other, non-construed terms lack a plain and ordinary meaning or that Defendants can raise any undisclosed indefiniteness arguments at a later point.

## A. Terms in dispute[1]

| Term (Claim(s)) | Plaintiff's Proposed Construction & Intrinsic Support | Defendants' Proposed Construction & Intrinsic Support |
|---|---|---|
| "ensuring"<br><br>(claims 1 and 2) | Plain and ordinary meaning, which is "executing with certainty"<br><br>**Intrinsic Evidence Supporting Plaintiff's Proposed Construction**<br><br>*See, e.g.*, '903 patent at:<br><br>Abstract<br><br>Col. 1:1-14<br><br>Col. 1:54-2:5<br><br>Col. 2:46-54<br><br>Col. 4:39-5:1 | "Making certain"<br><br>**Intrinsic Evidence Supporting Defendants' Proposed Construction:**<br><br>File History of the '903 Patent including, for example, Oct. 13, 2015 Notice of Allowance and Fee(s) Due. |

---

[1] In the Joint Claim Chart submitted herein, Defendants have cited to briefing submitting in this case before this Court and before the Court of Appeals for the Federal Circuit. Plaintiff objects that these materials can be cited as "intrinsic evidence." For its part, CosmoKey has cited solely intrinsic evidence. CosmoKey expressly reserves the right to rely on any and all extrinsic materials, including documents submitted by either party before this Court, the Court of Appeals for the Federal Circuit.

| | | |
|---|---|---|
| | Col. 5:24-6:12<br><br>Col. 6:13-21<br><br>Col. 6:45-7:3<br><br>Col. 8:53-55<br><br>Col. 9:37-40<br><br>Col. 10:39-60<br><br>Col. 10:61-67<br><br>'620 Application, October 13, 2015 Notice of Allowance<br><br>IPR Petition, IPR No. 2019-001638 (Sept. 24, 2019) at 11-13, 34-41, and all accompanying exhibits, including the expert declaration submitted | |
| "the authentication function is normally inactive and is activated by the user only preliminarily for the transaction"<br><br>(claim 1) | Plain and ordinary meaning, which is "the authentication function is normally inactive and is activated by the user for and in advance of a transaction"<br><br>**Intrinsic Evidence Supporting Plaintiff's Proposed Construction** | "The authentication function is normally inactive and is locally activated at the mobile device by the user only preliminarily for the transaction"<br><br>**Intrinsic Evidence Supporting Defendants' Proposed Construction:** |

| | | |
|---|---|---|
| | *See, e.g.*, '903 patent at:<br><br>Abstract<br><br>Col. 1:54-2:3<br><br>Col. 2:46-54<br><br>Col. 3:47-52<br><br>Col. 4:57-7:3<br><br>Col. 10:39-60<br><br>Figs. 1-5<br><br>IPR Petition, IPR No. 2019-001638 (Sept. 24, 2019) at 11-13, 34-35, and all accompanying exhibits, including the expert declaration submitted | - '903 Patent (Ex. A) at 1:15-53, 2:16-54, 3:18-50, 4:39-7:3, Figs. 1-5.<br>- Patent Owner Preliminary Response, IPR No. 2019-001638 (Jan. 1, 2020) at 2-14. |
| "said response from the second communication channel includes information that the authentication function is active"<br><br>(claim 1) | Plain and ordinary meaning, which is "said response from the second communication channel provides an indication that the authentication function is active"<br><br>**Intrinsic Evidence Supporting Plaintiff's Proposed Construction** | "The response from the second communication channel provides an indication, without requiring manual entry of information on the mobile device, that the authentication function is active"<br><br>**Intrinsic Evidence Supporting Defendants' Proposed Construction:** |

| | | |
|---|---|---|
| | *See, e.g.*, '903 patent at:<br><br>Abstract<br><br>Col. 1:54-63<br><br>Col. 3:33-66<br><br>Col. 4:39-7:3<br><br>Col. 7:33-36<br><br>Col. 10:39-60<br><br>Figs. 1-5<br><br>IPR Petition, IPR No. 2019-001638 (Sept. 24, 2019) at 11-13, 36-37, and all accompanying exhibits, including the expert declaration submitted | • '903 Patent (Ex. A) at 1:64-2:5, 2:16-54, 3:18-50, 4:39-7:3, Figs. 1-5.<br><br>• Plaintiff's Answering Brief in Opposition to Defendants' Motion for Judgment on the Pleadings (Dkt. 20) at 2-3, 5-7, 10.<br><br>• Opinion, *CosmoKey Solutions GmBH & Co. KG v. Duo Security LLC, fka Duo Security, Inc.*, 20-2043 (Fed. Cir. Oct. 4, 2021) (Dkt. 52) at 7, 13.<br><br>• Patent Owner Preliminary Response, IPR No. 2019-001638 (Jan. 1, 2020) at 3-6, 14, 18-19. |

| | | |
|---|---|---|
| **Plaintiff's recitation of claim term**: "thereafter ensuring that the authentication function is automatically deactivated" **Defendants' recitation of claim term**: "ensuring that said response from the second communication channel includes information that the authentication function is active, and" / "thereafter ensuring that the authentication function is automatically deactivated." (claim 1) | Plain and ordinary meaning, which is "after ensuring that the authentication function is normally inactive and is activated by the user only preliminarily for the transaction or ensuring that said response from the second communication channel includes information that the authentication function is active, ensuring that the authentication function is automatically deactivated" **Intrinsic Evidence Supporting Plaintiff's Proposed Construction** *See, e.g.*, '903 patent at: Abstract Col. 1:57-63 Col. 2:56-67 Col. 5:25-6:12 Col. 8:53-55 Col. 9:37-40 Col. 10:39-60 | "Ensuring that the authentication function is automatically deactivated" must occur after "ensuring that said response from the second communication channel includes information that the authentication function is active" **Intrinsic Evidence Supporting Defendants' Proposed Construction:** <br>• '903 Patent (Ex. A) at 1:54-2:32, 4:39-6:13, Figs 1-4. <br>• Patent Owner Preliminary Response, IPR No. 2019-001638 (Jan. 1, 2020) at 7-14. |

| | | |
|---|---|---|
| | Col. 10:61-67<br><br>Figs. 1-5<br><br>IPR Petition, IPR No. 2019-001638 (Sept. 24, 2019) at 11-13, 18, 21-24, and all accompanying exhibits, including the expert declaration submitted | |
| "the authentication function is automatically deactivated."<br><br>(claim 1) | Plain and ordinary meaning, which is "the authentication function is deactivated by software"<br><br>**Intrinsic Evidence Supporting Plaintiff's Proposed Construction**<br><br>*See, e.g.*, '903 patent at:<br><br>Abstract<br><br>Col. 1:57-63<br><br>Col. 5:25-6:12<br><br>Col. 6:59-63<br><br>Col. 6:66-7:3<br><br>Col. 8:37-52<br><br>Col. 8:53-55 | "The authentication function is deactivated without user involvement"<br><br>**Intrinsic Evidence Supporting Defendants' Proposed Construction:**<br><br>- '903 Patent (Ex. A) at 1:64-2:5, 5:24-35, Figs. 1-5.<br><br>- Patent Owner Preliminary Response, IPR No. 2019-001638 (Jan. 1, 2020) at 7-14.<br><br>- Brief for Plaintiff-Appellant, *CosmoKey Solutions GmBH & Co. KG v. Duo Security LLC, fka Duo Security, Inc.*, 20-2043 (Fed. Cir. Oct. 6, 2020) (Dkt. 20) at 7-10 |

| | | |
|---|---|---|
| | Col. 9:37-40<br><br>Col. 10:39-60<br><br>Figs. 1-5<br><br>IPR Petition, IPR No. 2019-001638 (Sept. 24, 2019) at 11-13, 34-40, and all accompanying exhibits, including the expert declaration submitted | |
| "location(s)"[2]<br><br>(claims 5 and 8) | Plain and ordinary meaning, which is "area(s)"<br><br>**Intrinsic Evidence Supporting Plaintiff's Proposed Construction**<br><br>*See, e.g.*, '903 patent at:<br><br>Col. 2:60-65<br><br>Col. 3:18-26<br><br>Col. 3:57 | "physical location(s)"<br><br>**Intrinsic Evidence Supporting Defendants' Proposed Construction:**<br><br>- '903 Patent (Ex. A) at 3:18-57, 7:4-8:24, Fig. 6.<br>- Plaintiff's Answering Brief in Opposition to Defendants' Motion for Judgment on the Pleadings (Dkt. 20) at 6-7. |

---

[2] Pursuant to the Court's order (D.I. 113), the parties have met and conferred on January 5, 2024 regarding claim terms and constructions to see if further narrowing is possible. The parties agreed to replace the two terms "current location" and "locations of the terminal and of the mobile device" with the currently present "location(s)" term, bringing the total number of terms for construction down to seven.

| | | |
|---|---|---|
| | Col. 7:9-36<br><br>Col. 7:45-58<br><br>Col. 11:12-17<br><br>Col. 11:18-22<br><br>Col. 11:26-34<br><br>IPR Petition, IPR No. 2019-001638 (Sept. 24, 2019) at 7, 11-13, 44-50, 53-64, and all accompanying exhibits, including the expert declaration submitted | |
| "predetermined spatial relationship"<br><br>(claims 5 and 8) | Plain and ordinary meaning, which is "predetermined association based on location"<br><br>**Intrinsic Evidence Supporting Plaintiff's Proposed Construction**<br><br>*See, e.g.*, '903 patent at:<br><br>Col. 3:18-26<br><br>Col. 7:26-32<br><br>Col. 7:37-58<br><br>Col. 11:12-17 | "Predetermined relationship related to the physical locations of both the terminal and mobile device"<br><br>**Intrinsic Evidence Supporting Defendants' Proposed Construction:**<br><br>• '903 Patent (Ex. A) at 3:18-57, 7:4-8:24, Fig. 6.<br><br>• Plaintiff's Answering Brief in Opposition to Defendants' Motion for Judgment on the Pleadings (Dkt. 20) at 6-7. |

|  | Col. 11:26-34<br><br>IPR Petition, IPR No. 2019-001638 (Sept. 24, 2019) at 7, 11-13, 44-50, 53-64, and all accompanying exhibits, including the expert declaration submitted |  |
|---|---|---|

|  |  |
|---|---|
| | Respectfully submitted, |
| OF COUNSEL: | POTTER ANDERSON & CORROON LLP |
| Scott T. Weingaertner<br>Stefan Mentzer<br>John Padro<br>Matthew Wisnieff<br>Lauren Kuehn Pelletier<br>Timothy Keegan<br>GOODWIN PROCTER LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Tel: (212) 813-8800 | By:  */s/ David E. Moore*<br>David E. Moore (#3983)<br>Bindu A. Palapura (#5370)<br>Andrew L. Brown (#6766)<br>Hercules Plaza, 6th Floor<br>1313 N. Market Street<br>Wilmington, DE 19801<br>Tel: (302) 984-6000<br>dmoore@potteranderson.com<br>bpalapura@potteranderson.com<br>abrown@potteranderson.com |
| Farzad (Fred) Feyzi<br>GOODWIN PROCTER LLP<br>601 Marshall Street<br>Redwood City, CA 94063<br>Tel: (650) 752-3100 | *Attorneys for Plaintiff CosmoKey Solutions GmbH & Co. KG* |
| OF COUNSEL: | MORRIS, NICHOLS, ARSHT & TUNNELL LLP |
| Brian A. Rosenthal (*pro hac vice*)<br>Katherine Dominguez (*pro hac vice*)<br>Allen Kathir (*pro hac vice*)<br>Hyunjong Ryan Jin (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>200 Park Avenue<br>New York, NY 10166-0193<br>(212) 351-4000 | By:  */s/ Jennifer Ying*<br>Jack B. Blumenfeld (#1014)<br>Jennifer Ying (#5550)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE 19899<br>(302) 658-9200<br>jblumenfeld@mnat.com<br>jying@mnat.com |
| Jaysen S. Chung (*pro hac vice*)<br>GIBSON, DUNN & CRUTCHER LLP<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111-3715<br>(415) 393-8200 | *Attorneys for Defendants* |

Dated: January 10, 2024
11255700/19335.00001