## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COSMOKEY SOLUTIONS GMBH & CO. KG, | ) ) ) |
| Plaintiff, | ) ) C.A. No. 18-1477-JLH |
| v. | ) ) **JURY TRIAL DEMANDED** |
| DUO SECURITY, INC. n/k/a DUO SECURITY LLC and CISCO SYSTEMS, INC., | ) ) ) ) |
| Defendants. | ) ) |

## **COSMOKEY'S OPPOSITION LETTER BRIEF**

OF COUNSEL:

Scott T. Weingaertner
Stefan Mentzer
John Padro
Matthew Wisnieff
Lauren Kuehn Pelletier
Timothy Keegan
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800

Farzad (Fred) Feyzi
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94063
Tel: (650) 752-3100

Dated: March 29, 2024
11416560 / 19335.00001

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff CosmoKey Solutions GmbH & Co. KG*

Dear Judge Burke:

The sole issue Defendants' motion raises is *when* the Rule 30(b)(1) deposition of Mr. Adenuga will occur.  It is undisputed that Mr. Adenuga *will* testify in his individual capacity.  CosmoKey has proposed to coordinate Mr. Adenuga's Rule 30(b)(1) testimony with his expected testimony on Defendants' Rule 30(b)(6) topics.  CosmoKey proposed this for good reason:  having to travel from Germany for depositions on two separate occasions presents an undue and unnecessary burden on Mr. Adenuga, who is diabetic and who is the sole caregiver for his children on the days when his wife works in a hospital emergency room.  CosmoKey has proposed April 24-25 and May 1-2 for him to give both individual and Rule 30(b)(6) testimony.  These dates are less than a month from now, and more than 2 months before the close of fact discovery.  Ex. A.  CosmoKey submits that its proposal is sensible and reasonable under the circumstances.

Defendants, however, insist that Mr. Adenuga *must* be compelled to testify within the next 2 weeks.  Defendants' demand is highly disruptive for Mr. Adenuga and his family.  It also is unnecessary.  There is no dispute Mr. Adenuga will give deposition testimony, and that he will do so well before the close of fact discovery.  The sole reason Defendants demand his immediate deposition is that they hope to extract testimony that they might submit before the Court's *Markman* hearing.  But the testimony Defendants seek is irrelevant to claim construction, and a deposition in the next two weeks is unnecessary and unduly burdensome.

1.      **Procedural background**

Without first inquiring about Mr. Adenuga's availability, Defendants served the Rule 30(b)(1) notice on February 26, demanding his deposition on March 11.  *See* Ex. B.  CosmoKey advised that Mr. Adenuga would serve as a corporate representative and proposed that the parties coordinate the Rule 30(b)(1) and 30(b)(6) depositions.  Defendants then served a Rule 30(b)(6) notice on March 6, demanding a deposition on 72 topics by March 18.  *See* Ex. C.  CosmoKey promptly served responses and objections on March 17, and the parties continue to meet and confer regarding the topics on which CosmoKey will testify.  *See* Ex. D; Ex. E.

2.      **Defendants do not need Mr. Adenuga's deposition before April 12**

Defendants claim to need Mr. Adenuga's deposition before April 12 because his "personal knowledge" is "central" to claim construction.  D.I. 145, at 2.  But Defendants do not explain what testimony they will use for *Markman*.  It appears that Defendants *hope* to extract testimony they *might* use in additional briefing to the Court.  But inventor testimony is after-the-fact extrinsic evidence that is not relevant to claim construction.  *See Markman v. Westview Instruments, Inc.*, 52 F.3d 967, 985 (Fed. Cir. 1995) ("The subjective intent of the inventor when he used a particular term is of little or no probative weight in determining the scope of a claim (except as documented in the prosecution history)."); *Andrulis Pharms. Corp. v. Celegene Corp.*, C.A. No. 13-1644, 2015 WL 3978578, at *5 (D. Del. June 16, 2015) ("[i]t doesn't matter . . . what [the inventor] believes" because "[t]he relevance of the inventor's testimony . . . on the meaning of [the term-at-issue] is useless").  The cases Defendants cite affirm this point.  "We hold that inventor testimony as to the inventor's subjective intent is irrelevant to the issue of claim construction."  *Howmedica Osteonics Corp. v. Wright Med. Tech., Inc.*, 540 F.3d 1337, 1347 (Fed. Cir. 2008) (citing *Hoechst Celanese Corp. v. BP Chems. Ltd.*, 78 F.3d 1575, 1580 (Fed. Cir. 1996) ("*Markman* requires us to give no deference to the testimony of the inventor about the meaning of the claims.")); *see Bradium Techs. LLC v. Iancu*, 923 F.3d 1032, 1044

The Honorable Christopher J. Burke                                                                                    Page 2
March 29, 2024

(Fed. Cir. 2019) ("inventor testimony cannot change the scope of the claims"). *Howmedica* and *Bradium* did not concern motions to compel depositions. They do not hold that that inventor testimony is needed for claim construction. At most, they stand for the proposition that an inventor may be competent to explain the invention. *See Bradium*, 923 F.3d at 1044 ("although inventor testimony cannot change the scope of the claims from their meaning at the time of invention, '[a]n inventor is a competent witness to explain the invention and what was intended to be conveyed by the specification and covered by the claims'").

Any supposed urgency to take Mr. Adenuga's testimony in the next two weeks is of Defendants' own making. Defendants do not explain why they waited until late February 2024 to serve the Rule 30(b)(1) notice. Fact discovery has been open for more than a year. At no time when the *Markman* schedule was set in February 2023 (D.I. 45, ¶ 18) and adjusted in September 2023 (D.I. 113), and at no time when the parties conferred again about claim construction in January 2024, did Defendants indicate they would seek Mr. Adenuga's deposition or rely on extrinsic evidence. Defendants served the deposition notice only ***after*** filing their opening *Markman* brief (D.I. 124).

**3.      A deposition before April 12 would impose undue burden**

The probative value of Mr. Adenuga's testimony must be weighed against the significant burden that compelling a deposition before April 12 would impose on him and his family. Mr. Adenuga, who resides in Germany, is the primary caregiver to his children on the days when his wife, an emergency room doctor, is working at the hospital. Mr. Adenuga needs time to make alternative childcare arrangements to accommodate his travel. Mr. Adenuga is diabetic and requires time and planning to take into account his travel, dietary, and health needs. *See* Ex. F; Adenuga Declaration ¶¶ 6-11. A remote deposition in Germany is not an option as it is unlawful, and Defendants insist that the deposition take place in the United States (D.I. 145, at 2 (Mr. Adenuga is "required to appear for deposition here"). Proceeding with depositions on April 24-25 or May 1-2 would allow coordination with the Rule 30(b)(6) deposition and a single trip to the United States.

In light of these circumstances and the—at best—tenuous reasons Defendants have given, requiring a deposition before April 12 would be unduly burdensome. *See Arminak v. Arminak & Assocs.*, No. 16-cv-03382, 2017 U.S. Dist. LEXIS 230113, at *14 (C.D. Cal. May 23, 2017) (denying motion to compel depositions where purported need was not proportional to "the burden and expense of requiring two overseas witnesses to both travel and sit" for further depositions). Mr. Adenuga need not be compelled to testify now, only to testify again weeks later as a Rule 30(b)(6) witness. *See Uni-Systems v. United States Tennis Ass'n*, No. 17-cv-147-KAM-CLP, 2020 U.S. Dist. LEXIS 251138, at *15-16 (E.D.N.Y. July 6, 2020) (recognizing it is more efficient for rule 30(b)(1) and 30(b)(6) depositions to proceed simultaneously).

The Defendants' motion should be denied and Mr. Adenuga should be allowed to testify on April 24-25 or May 1-2 in his capacity as a Rule 30(b)(1) and 30(b)(6) witness.

The Honorable Christopher J. Burke  Page 3
March 29, 2024

        Respectfully,

        */s/ David E. Moore*

        David E. Moore

DEM:nmt/11416560/19335.00001

cc:    Clerk of Court (via Hand Delivery)
        Counsel of Record (via CM/ECF)