## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COSMOKEY SOLUTIONS GMBH & CO. KG, ) | |
| ) | |
| Plaintiff, ) | C.A. No. 18-1477-JLH-CJB |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| DUO SECURITY, INC. n/k/a DUO SECURITY ) | **PUBLIC VERSION** |
| LLC and CISCO SYSTEMS, INC., ) | |
| ) | |
| Defendants. ) | |

### COSMOKEY'S OPENING LETTER BRIEF

OF COUNSEL:

Scott T. Weingaertner
Stefan Mentzer
John Padro
Matthew Wisnieff
Lauren Kuehn Pelletier
Timothy Keegan
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800

Farzad (Fred) Feyzi
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94063
Tel: (650) 752-3100

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew L. Brown (#6766)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
abrown@potteranderson.com

*Attorneys for Plaintiff CosmoKey Solutions GmbH & Co. KG*

Dated: July 30, 2024
11676806 / 19335.00001
PUBLIC VERSION
Dated: August 6, 2024

Dear Judge Burke:

CosmoKey respectfully requests an order excluding, as untimely and improper, Defendants' assertion of three new invalidity references, Appendices A11-A13, in their June 7, 2024 Second Supplemental Invalidity Contentions. Despite knowing of these three prior art references long in advance, Defendants first disclosed them nearly a year after the Court-ordered deadline for invalidity contentions, after the completion of claim construction, and with just three weeks left in the fact discovery period. D.I. 45 ¶ 5; D.I. 64; D.I. 179. Withholding these theories and then disclosing them late is impermissible under the schedule and deeply prejudicial to CosmoKey.

1. **Background**

The Court ordered Defendants to disclose their invalidity contentions by no later than July 3, 2023. D.I. 45 ¶ 5(a); D.I. 64. On that date, Defendants disclosed ten prior art references. D.I. 84. Defendants amended their invalidity contentions on December 13, 2023, asserting the same prior art. D.I. 120. The parties then proceeded through claim construction, identifying claim terms and proposing constructions in the fall of 2023 and completing their claim construction briefing on March 20, 2024. D.I. 86-89, 122-124, 127, 134, 137. The Court held a *Markman* hearing on April 12 and issued its claim construction opinion on May 3. D.I. 180.

After claim construction, the parties agreed to allow the supplementation of contentions to incorporate the Court's *Markman* Order. D.I. 179 ("WHEREAS, the Court has recently issued its Markman opinion (D.I. 169) and the parties may wish to supplement contentions . . ."); Ex. A (Apr. 16 Email from Plaintiff's counsel) ("A scheduling conference is necessary for discussing amendments to the Scheduling Order . . . (ii) to allow the parties to supplement contentions in light of the Court's *Markman* order and hearing . . ."). Defendants then served supplemental invalidity contentions that did not address the Court's *Markman* ruling. Instead, Defendants disclosed three new prior art references and invalidity theories. Upon conferring about this late disclosure, Defendants conceded that they knew of all three references by at least December 13, 2023, but had chosen not to assert them. Ex. B (June 21 Email from Defendants' counsel). Defendants' contentions make no effort to put CosmoKey on notice of their theories, nor to show how the claim limitations are disclosed under the Court's constructions. Exs. C-E (A11-A13).

2. **Defendants' untimely disclosures must be excluded for lack of good cause**

Rather than narrow their invalidity theories after claim construction, Defendants introduced three new invalidity theories after the original deadline for the service of contentions (D.I. 45, D.I. 64). Defendants did so without leave of Court, as required, and in violation of the Court's Scheduling Order. These disclosures plainly fell outside the scope of the limited supplementation allowed by the amended schedule (D.I. 179). Defendants have not shown "good cause" to modify the schedule and to disclose new invalidity theories, as required under the Federal Rules and the Scheduling Order. *See* Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); D.I. 45 ¶ 7 ("Amendment of . . . the Invalidity Contentions may be made only by order of the Court upon a timely showing of good cause."). Having failed either to seek leave or to demonstrate good cause for their late disclosure, Defendants' A11-A13 cannot be allowed. *See Vaxcel Int'l Co., Ltd v. HeathCo LLC,* 1:20-cv-224, D.I. 226 (D. Del. June 28, 2022); *Carrier Corp. v. Goodman Glob., Inc.,* 64 F. Supp. 3d 602, 620 (D. Del. 2014).

The Honorable Christopher J. Burke                                                                    Page 2
July 30, 2024          PUBLIC VERSION August 6, 2024

Even if they had timely sought to do so, Defendants cannot show good cause.  Defendants admit they knew of each of the three newly-disclosed prior art references "at the time of Defendants' December 13, 2023 Supplemental Invalidity Contentions" (Ex. B (June 21 email from Defendants' counsel)), and it is clear from the references themselves that Defendants knew of them far earlier.  For example, A11 pertains to one of Defendants' *own products*, a product they now contend (incorrectly) is prior art.  A12 concerns an alleged prior art system related to or concerning another publication that Defendants previously disclosed.  A13 is an alleged  prior art reference Defendants asserted in their petitions for *inter partes* review, but which the PTAB rejected when it denied institution.  *See* Decision Denying Institution of *Inter Partes* Review, *Cisco Sys., Inc. v. Money & Data Protection Lizenz GmbH & Co. KG*, IPR2019-01638, Paper 9 (PTAB Mar. 27, 2020).  Defendants could have disclosed these references earlier in this case, but elected not to do so.  A lack of diligence is presumed.  *See Cytiva Swed. AB v. Bio-Rad Labs., Inc.*, C.A No. 18-1899-CFC-SRF, 2021 U.S. Dist. LEXIS 23355, at *3 (D. Del. Feb. 8, 2021) (citations omitted); *Biodelivery Scis. Int'l, Inc. v. Chemo Rsch., S.L.,* C.A. No. 19-444-CFC-CJB, 2020 WL 13802763, at *3 (D. Del. Feb. 20, 2020).

While not necessary to apply the *Pennypack* factors as this is an issue that arises under Rule 16, exclusion of Defendants' untimely new theories is warranted under *Pennypack*.  *See Chervon (HK) Ltd. v. One World Techs., Inc.,* C.A. No. 19-1293-GBW, 2023 U.S. Dist. LEXIS 36553, at *7-8 (D. Del. Mar. 6, 2023).  CosmoKey is significantly prejudiced by Defendants' tactics. Defendants' late disclosure defies the purpose of the Scheduling Order, which required the parties to disclose their contentions early on in the litigation so that claim construction issues can be crystallized and narrowed.  CosmoKey was forced to proceed through claim construction without Defendants' new theories.  Notably, Defendants ignored CosmoKey's repeated requests, months before Defendants' newest disclosure, to supplement their invalidity contentions and related discovery.  *See* Exs. F at 1-6, G at 1-4, H at 7-8, I at 3-4.  Defendants in response made repeated representations that they already had disclosed their invalidity contentions "extensively" and that their disclosures were complete.  *See* Exs. J at 2-3, K at 3.  Relying on these representations, CosmoKey proceeded with its case with the understanding Defendants would not assert new invalidity theories.  Defendants even resisted revising the schedule, including a deadline to supplement contentions after *Markman*, which they deemed "unnecessary."  Ex. A (Apr. 17 and 26 Emails from Defendants' counsel).  Defendants then agreed to a deadline to supplement contentions to incorporate the Court's *Markman* order, only to subvert the agreement to introduce brand new theories (that they could have raised long ago but chose not to).  Now CosmoKey, which relied on Defendants' prior representations, is forced to scramble at significant and unwarranted expense to pursue discovery of these new theories and educate its experts on the eve of depositions and the close of fact discovery.

The prejudice is compounded by the lack of specificity in any of these allegations, which devote little or no effort to show how claim limitations are disclosed or met.  None of the three newly-disclosed references discloses "as a criterion for deciding whether the authentication . . . shall be granted . . . having the authentication device check whether a predetermined time relation exists."  *See* Ex. C at 19-23; Ex. D at 16-19; Ex. E at 11-14.  Exacerbating this prejudice, CosmoKey must respond to this untimely 30% expansion of Defendants' invalidity arguments at the close of discovery.  And CosmoKey must do this all while assessing Defendants' last minute production of more than a million pages of documents, the large bulk of its entire production. D.I. 232 at 2-3.

The Honorable Christopher J. Burke Page 3
July 30, 2024     PUBLIC VERSION August 6, 2024

                                          Respectfully,

                                          */s/ David E. Moore*

                                          David E. Moore (#3983)

DEM:mes/11676806

cc:     Clerk of Court (via Hand Delivery)
          Counsel of Record (via electronic mail)