## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COSMOKEY SOLUTIONS GMBH & CO. KG, ) ) | |
| Plaintiff, ) ) | C.A. No. 18-1477-JLH-CJB |
| v. ) ) | **JURY TRIAL DEMANDED** |
| DUO SECURITY, INC. n/k/a DUO SECURITY ) LLC and CISCO SYSTEMS, INC., ) ) | **PUBLIC VERSION** |
| Defendants. ) | |

### COSMOKEY'S OPENING LETTER BRIEF
### FOR LEAVE TO FILE SUMMARY JUDGMENT MOTIONS

OF COUNSEL:

Scott T. Weingaertner
Stefan Mentzer
John Padro
Matthew Wisnieff
Lauren Kuehn Pelletier
Timothy Keegan
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800

Farzad (Fred) Feyzi
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94063
Tel: (650) 752-3100

Dated: January 10, 2025
11975359 / 19335.00001
Public Version Dated: January 28, 2025

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

*Attorneys for Plaintiff CosmoKey Solutions GmbH & Co. KG*

Pursuant to the Scheduling Order (D.I. 295), CosmoKey respectfully requests leave to file a summary judgment motion on two grounds.

## 1.     "Duo Push 2010" is Not Prior Art

Defendants allege they had a "product" – what they call "Duo Push 2010" in this litigation (as no product ever existed with that name) – that anticipates or renders obvious the asserted claims. Ex. 1 (Jeffay Op.) ¶¶ 114, 133; Ex. 2 (A01) at 2. Defendants argue that "Duo Push 2010" was publicly available as early as April 12, 2010 but "no later than October 27, 2010," was "offered for sale and sold in 2010," and it relates to source code that Defendants contend existed as of October 25, 2010. Ex. 1 (Jeffay Op.) ¶ 133; Ex. 3 (Jeffay Reply) ¶¶ 31-35; Ex. 4 (Jeffay Tr.) at 159:12-18, Ex. 5 (Goldberg Tr.) at 171:9-15. Defendants' contentions are based on two crucial assumptions. First, Defendants assume that the source code actually existed or was implemented in a product as of October 25, 2010 (or earlier, as Defendants contend). Second, Defendants assume that this source code was publicly demonstrated or sold in 2010. Clear and convincing evidence is required to establish actual use or disclosure. *See Microsoft Corp. v. i4i Ltd.*, 564 U.S. 91, 95 (2011); *Int'l Bus. Machines Corp. v. Priceline Grp. Inc.*, 271 F. Supp. 3d 667, 681 (D. Del. 2017). Because no evidence, much less clear and convincing evidence, exists to establish either assumption, summary judgment of no invalidity is warranted.[1]

*First*, there is no evidence that the source code file relied on was available on October 25, 2010. Defendants' 30(b)(6) witness Jon Oberheide (one of Duo Security's founders and the alleged developer of this code) who was designated to testify on the "the software [and] source code . . . that Duo contends are Duo Prior Art," (Ex. 6 (email); Ex. 7 (Topic 45)), admitted under oath that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 8 (Oberheide Tr.) at 214:25-216:12 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *see also id.* at 31:12-32:2, 214:22-217:4. There is no evidence establishing the existence or accuracy of the October 25, 2010 code. Defendants' own source code *expert* conceded that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ *See* Ex. 5 (Goldberg Tr.) at 210:11–211:3; *see also id.* at 52:3-53:17, 91:4-13, 107:17-108:8, 110:20-111:11, 113:1-7. Uncorroborated source code cannot serve as § 102 prior art. *See Kenexa Brassring, Inc. v. Taleo Corp.*, 751 F. Supp. 2d 735, 760-61 (D. Del. 2010).

*Second*, there is no evidentiary support for Defendants' contention that Duo Push 2010 was publicly disclosed and used during presentations allegedly made in 2010. Ex. 1 (Jeffay Op.) ¶¶ 120-32; *see also* Ex. 4 (Jeffay Tr.) at 194:19-195:20, 199:9-200:14, 202:7-203:23, 216:16-22, 219:8-220:3, 223:9-11, 225:19-226:12, 227:11-16, 229:24-230:23. The presentations relied on by Defendants make no reference to any Duo source code. *See, e.g.*, Ex. 9 (DUO-COSMOKEY-00502076). Mr. Oberheide, Defendants' 30(b)(6) witness on this topic ((Ex. 6 (email); Ex. 7 (Topic 49)), ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *See, e.g.*,

---

[1] Defendants previously asserted another system existed in 2011, allegedly called "Duo Push 2011," but the Court has precluded Defendants from relying on Duo Push 2011. D.I. 314. The same defects described above are also true of Defendants' Duo Push 2011 allegations.

The Honorable Jennifer L. Hall
January 10, 2025                                                                                                        Page 2

Ex. 8 (Oberheide Tr.) at 80:1-3, 83:19-84:19, 90:13-24, 91:3-5, 91:21-24, 105:3-14, 107:1-11, 113:2-18.  When reviewing core parts of the October 25, 2010 code, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  *Id.* at 214:22-217:4.

Furthermore, most of the alleged presentations Defendants rely on pre-date October 25, 2010, the alleged date of the source code file Defendants identify as Duo Push 2010.  Defendants offer no evidence of ***any*** source code, let alone the October 25, 2010 code they point to, that was disclosed or demonstrated before October 2010.  ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  Ex. 4 (Jeffay Tr.) at 34:7-35:8, 163:14-165:13; Ex. 5 (Goldberg Tr.) at 106:9-107:10.  Defendants' invalidity expert, Dr. Jeffay, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  *See* Ex. 4 (Jeffay Tr.) at 195:5-12 ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  Dr. Jeffay himself admitted the extreme weakness of his assumption, noting that claiming a file was available months before the indicated file date was "an unusual thing to state."  *Id.* at 211:10-18.  And for good reason—there are no facts in the record that support this conclusion.  Confirming the importance of this issue, Dr. Jeffay in his reply report—for the first time—sought to rely on ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ from before October 25, 2010 to support his conclusions, despite acknowledging ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  *See* Ex. 3 (Jeffay Reply) ¶¶ 33-35; Ex. 4 (Jeffay Tr.) at 162:12-165:13, 237:19-238:13.

Defendants rely on the same kinds of unsupported assumptions regarding presentations allegedly made after October 25, 2010.  Here again, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  *See* Ex. 8 (Oberheide Tr.) at 105:3-14, 107:1-11, 113:2-18; *see, e.g.*, Ex. 4 (Jeffay Tr.) at 202:21-203:23, 225:19-227:16, 229:24-230:23.  Nor do the presentations themselves identify any source code or any system that was demonstrated.  *See, e.g.*, Exs. 10, 11.  Simply put, there is no evidence that the October 25, 2010 source code—or any other prior code—ever was used or deployed.  *See, e.g.*, Ex. 8 (Oberheide Tr.) at 31:12-32:2, 214:22-217:4; Ex. 5 (Goldberg Tr.) at 107:18-118:16, 121:16-123:12.

**2.     CosmoKey Did Not Engage in Inequitable Conduct**

Defendants cannot meet their burden to show, by clear and convincing evidence, that CosmoKey engaged in inequitable conduct.  Defendants allege ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓  *See* D.I. 195 at 22-30.  Defendants cannot substantiate their allegations with any actual evidence—much less clear and convincing evidence.  No reasonable trier of fact could conclude there is inequitable conduct.

***First***, Defendants cannot show that ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  Ex. 1 (Jeffay Op.) ¶¶ 1381-91; Ex. 4 (Jeffay Tr.) at 21:2-7, 21:22-22:8, 159:12-23; Ex. 5 (Goldberg Tr.) at 171:9-19.  But Defendants ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓.  D.I. 57 (P.O.) §§ 3.3, 6.4; Ex. 2 (A01); Ex.

The Honorable Jennifer L. Hall
January 10, 2025                                                                                                        Page 3

12 (A11).  Mr. Adenuga and prosecution counsel did not see– and never could have seen– this code.  Rather, ███████████████████████████████████████████
██████████████████████████████.  Ex. 13 (May Tr.) at 111:7-113:21.  Mr. Adenuga further testified that ████████████████████████████████████████████
████████████████████████.  *See id.* at 114:2-8, 116:14-22, 117:6-19, 122:6-18; Ex. 14 (Sept. Tr.) at 39:19-40:13, 54:2-11.  In any case, Defendants provide no indication of what source code existed or was used in ███████████ and instead rely on ████████████
████████████████████  Ex. 1 (Jeffay Op.) ¶¶ 1381-91; Ex. 3 (Jeffay Reply) ¶¶ 583-87.  Accordingly, it cannot be credibly disputed that Mr. Adenuga and prosecution counsel did not know of the "Duo Push system."

   *Second*, Defendants cannot show specific intent.  Defendants must show clear and convincing evidence of an intent to deceive the Patent Office.  *Therasense, Inc. v. Becton, Dickinson & Co.*, 649 F.3d 1276, 1290-91 (Fed. Cir. 2011).  A specific intent to deceive must be "the single most reasonable inference able to be drawn from the evidence."  *Id.* (citation omitted).  That inference is not supported here.  ████████████████████████████████
████████████████████████████████████.  Ex. 13 (May Tr.) at 126:5-127:25, 147:10-149:8; Ex. 14 (Sept. Tr.) at 24:2-25:8, 26:13-28:9, 73:8-74:19, 76:16-77:4, 78:4-18; Ex. 15 (CK00065970).  ████████████████████████████████████████
████████████████████████████████████████████████████████████████████.  Ex. 16 (Oberheide 230), Ex. 4 (Jeffay Tr.) at 98:13-99:22, 100:7-20, 103:13-25, 108:1-15, 109:4-7.  In fact, ████████████████████████████████████████████████████████
████████████████.  Ex. 14 (Sept. Tr.) at 73:8-74:19; Ex. 15 (CK00065970).  Indeed, rather than an intent to deceive, the facts show a diligent patentee who ████████████████████████
████████████████████████  Ex. 14 (Sept. Tr.) at 73:8-74:19, 77:13-78:2.  █████████
████████  Ex. 13 (May Tr.) at 124:18-125:9.  No trier of fact here could conclude that the single most reasonable inference is an intent to defraud.  These facts are undisputed.  Summary judgment of no intent to defraud is warranted.  *See Apple Inc. v. Masimo Corp.*, C.A. No. 22-1377 (JLH), 2024 WL 4436629, at *2-4 (D. Del. Oct. 7, 2024); *CAO Lighting, Inc. v. Feit Elec. Co., Inc.,* No. CV 20-04926-AB (PJW), 2023 WL 3316997, at *2, 6 (C.D. Cal. Mar. 16, 2023).

   *Third,* Defendants cannot show that either the "Duo Push system" or Oberheide 230 was material.  Because there is insufficient evidence as to whether Duo Push 2010 even existed, no reasonable trier of fact can conclude on this record that Duo Push 2010 would be material.  Tellingly, Defendants did not assert Oberheide 230 or any Duo webpages in their IPRs.  Defendants fail now to otherwise show that Oberheide 230 is material prior art.  Defendants' allegations regarding Oberheide 230 are conclusory and insufficient as a matter of law.  Dr. Jeffay provides no assessment as to why the disclosure of Oberheide 230 is not cumulative of the art before the USPTO.  Ex. 1 (Jeffay Op.) ¶¶ 1389-91; Ex. 3 (Jeffay Reply) ¶¶ 565-72.  ██
█████████████████████████████████████████████████████████████.  Ex. 4 (Jeffay Tr.) at 98:13-99:22. Dr. Jeffay provides no meaningful obviousness opinions demonstrating how a person of ordinary skill in the art would be motivated to combine the prior art and have a reasonable success in doing so.  *See*, *e.g.*, Ex. 1 (Jeffay Op.) ¶¶ 967, 996, 1037-64. Dr. Jeffay's opinions are insufficient to demonstrate materiality, let alone by clear and convincing evidence.  *See ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc.*, 694 F.3d 1312, 1327 (Fed. Cir. 2012).

The Honorable Jennifer L. Hall
January 10, 2025
Page 4

Respectfully,

*/s/ David E. Moore*

David E. Moore (#3983)

DEM:rms/11975359/19335.00001

Enclosure
cc: Clerk of Court (via Hand Delivery)
      Counsel of Record (via Electronic Mail)