IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COSMOKEY SOLUTIONS GMBH & CO. KG., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-1477-JLH-CJB |
| | ) |
| DUO SECURITY, INC. n/k/a DUO SECURITY LLC and CISCO SYSTEMS, INC., | ) |
| | ) |
| Defendants. | ) |

### MEMORANDUM ORDER

This Order addresses Defendants' Motion to Exclude Certain Opinions of Dr. Eric Cole (D.I. 331) and Defendants' Motion for Summary Judgment (D.I. 418). For the reasons stated below, both motions will be DENIED.

1. Defendants argue that the Court should exclude Dr. Cole's opinions to the extent that he offers a "legally wrong construction of the claim term 'authentication function.'" (D.I. 332 at 1.) Although Defendants rightly point out that claim construction is a matter for the Court, this is not a situation in which the Court construed the term "authentication function" at the *Markman* hearing and the expert ignored the Court's construction or otherwise offered an opinion inconsistent with the Court's construction. Here, neither party previously identified "authentication function" as a term that needed to be construed. Accordingly, the Court will not

strike Dr. Cole's opinions relating to "authentication function."[1]

2.  Turning to the motion for summary judgment, Defendants first argue that use of the accused "Duo Push" product cannot infringe any of the asserted method claims of U.S. Patent No. 9,246,903 patent ("'903 patent") because it lacks the claimed "authentication function." (D.I. 420 at 6–7.) In response, Plaintiff points to the testimony of its expert, Dr. Cole, who opines that Duo Push meets the claimed "authentication function" limitation either literally or under the doctrine of equivalents. (*See, e.g.*, D.I. 429, Ex. 1 ¶¶ 204–216, 247–292; *id.*, Ex. 2 ¶¶ 59–113.) The Court not having previously construed the claimed "authentication function," and there appearing to be a dispute of material fact about whether Duo Push meets the claimed "authentication function," the Court will deny Defendants' request for summary judgment on that basis.[2]

3.  Defendants next argue that the Court should grant summary judgment of noninfringement because Duo Push does not use a "predetermined time relation . . . between the

---

[1] Defendants argue that the reason they didn't propose a construction of "authentication function" at the *Markman* hearing is because "[Plaintiff] changed its infringement theory because the Court's *Markman* order foreclosed [Plaintiff's] infringement contentions in place at the time." (D.I. 403 at 7.) Defendants further argue—in their Reply Brief in support of their motion to exclude Dr. Cole's opinions—that there is a now live dispute over the construction of "authentication function" that must be resolved before the case goes to the jury. (*Id.* at 8 (citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, 521 F.3d 1351 (Fed. Cir. 2008).)

The Court has reviewed the record, and Defendants' explanation for why this dispute only arose after the *Markman* proceedings is well taken. To the extent that there is a dispute over the proper construction of "authentication function," the Court will rule on that dispute at the jury charge conference, *i.e.*, after the close of evidence but before the case is submitted to the jury. *See CytoLogix Corp. v. Ventana Med. Sys., Inc.*, 424 F.3d 1168, 1172 (Fed. Cir. 2005) ("not erroneous" for district court to wait to construe claims "until the close of evidence"). Proceeding in this fashion will not prejudice Plaintiff, as Plaintiff is well aware of why Defendants contend that they don't meet the "authentication function" limitation, and Plaintiff can thus plan its trial presentation accordingly. The Court declines to issue a construction of "authentication function" now, both because (1) Defendants first requested a construction from the Court in their Reply Brief in support of their *Daubert* motion and (2) Defendants have not proposed a specific construction of "authentication function."

[2] *See* n.1, *supra*.

transmission of the user identification and a response from the second communication channel," as required by the asserted method claims. (D.I. 420 at 16.) In response, Plaintiff points to the testimony of Dr. Cole, who opines that use of the accused products meets that claim phrase either literally or under the doctrine of equivalents. (*See, e.g.*, D.I. 429, Ex. 1 ¶¶ 217–246; *id.*, Ex. 2 ¶¶ 180–192; *id.*, Ex. 11 (Cole Tr.) at 249:24–252:9.) There being a dispute of material fact about whether use of the accused products meets the claimed "predetermined time relation . . . between the transmission of the user identification and a response from the second communication channel," the Court will deny Defendants' request for summary judgment on that basis.

4.  Defendants also contend that the Court should grant summary judgment of noninfringement because there is "no joint infringement as to the step of 'transmitting a user identification from the terminal to a transaction partner.'" (D.I. 420 at 19.) The parties agree that, even if the Court were to accept Defendants' argument on that point, it would not completely resolve the question of infringement as to all the alleged infringing acts, as Plaintiff also contends that Defendants themselves perform all the steps of the asserted method claims "through the Duo SSO feature and Defendants' [own] use of Duo to protect their own systems." (D.I. 420 at 19 n.11; D.I. 428 at 25.) What's more, Dr. Cole opines that Defendants' use of the accused products meets the standard for joint infringement because such use requires the performance of "transmitting a user identification from the terminal to a transaction partner" and establishes the manner and timing of the performance. (*See, e.g.*, D.I. 429, Ex. 1 ¶¶ 165–203, 403–27; *id.*, Ex. 2 ¶¶ 143–79.) There being a dispute of material fact, the Court will deny Defendants' request for summary judgment.

May 19, 2025

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE

3