IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COSMOKEY SOLUTIONS GMBH & CO. KG., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | C.A. No. 18-1477-JLH-CJB |
| ) | |
| DUO SECURITY, INC. n/k/a DUO SECURITY ) | |
| LLC and CISCO SYSTEMS, INC., ) | |
| ) | |
| Defendants.  ) | |

## MEMORANDUM ORDER

This Order addresses Plaintiff CosmoKey's *Daubert* Motion to Exclude the Opinions of Defendants' Expert Lauren R. Kindler (D.I. 325). For the reasons stated below, the motion is DENIED.

1. Ms. Kindler is Defendants' damages expert. Plaintiff argues that Ms. Kindler's opinion on reasonable royalty is inadmissible under Federal Rule of Evidence 702 because it is based on an unreliable methodology and unreliable evidence.

2. In her rebuttal expert report, Ms. Kindler relied on a patent litigation settlement agreement previously entered into between Defendant Cisco and a third party to support her opinion that "the likely outcome of the hypothetical negotiation between [Plaintiff] CosmoKey and [Defendant] Duo would be a non-exclusive, freedom-to-operate, U.S. license to the '903 Patent in exchange for a lump-sum royalty payment of no more than $11 million." (D.I. 372, Ex. A ¶¶ 12, 91.)

3. Having reviewed the report, the Court rejects Plaintiff's argument that Ms. Kindler failed to sufficiently account for the differences in technologies and economic circumstances

between the hypothetical license here and the prior settlement. The report expressly considers both. (D.I. 372, Ex. A ¶ 89.)

4. The Court also rejects Plaintiff's argument that Ms. Kindler failed to consider the fact that the prior settlement agreement itself says that it should not be used as evidence of a reasonable royalty. Ms. Kindler's report expressly addresses that language. (D.I. 372, Ex. A ¶ 89.) The Court finds that the language does not render the agreement irrelevant or otherwise inadmissible to the question of a reasonable royalty. And Plaintiff does not suggest that it is a third-party beneficiary of the prior settlement agreement or otherwise entitled to enforce the terms of the prior settlement agreement against Defendants.

5. Plaintiff cites cases where courts held that licenses arising out of litigation were (under the circumstances of those cases) unsuitable to prove a reasonable royalty. (D.I. 326 at 3, 6–7, 11 (citing cases).) But Defendants in this case are not trying to prove a reasonable royalty—Plaintiff has the burden of proof. Ms. Kindler's position is that the prior settlement agreement supports her opinion that Defendants would pay "no more than" $11 million. The prior settlement agreement is relevant and appropriate for that purpose.

6. Plaintiff may disagree with Ms. Kindler's analysis and conclusion, but any criticisms can be addressed through cross-examination and the presentation of contrary evidence. In accordance with Federal Rule of Evidence 702, the Court finds that it is more likely than not that Ms. Kindler's testimony will help the trier of fact, is based on sufficient facts, is the product of reliable principles, and reflects a reliable application of the principles to the facts.

May 19, 2025

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE