IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COSMOKEY SOLUTIONS GMBH & CO. KG., )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DUO SECURITY, INC. n/k/a DUO SECURITY )<br>LLC and CISCO SYSTEMS, INC., )<br>)<br>Defendants. ) | C.A. No. 18-1477-JLH-CJB |

# MEMORANDUM ORDER

This Order addresses Plaintiff CosmoKey's *Daubert* Motion to Exclude the Opinions of Defendants' Expert Kevin Jeffay, Ph.D. (D.I. 327). For the reasons stated below, the motion is DENIED.

1. Dr. Jeffay is Defendants' technical expert. Plaintiff argues that Dr. Jeffay's opinions regarding certain alleged prior art—referred to by the parties as "Duo Push 2010" and "Duo Push 2011"—are inadmissible under Federal Rule of Evidence 702 because they are based on unreliable evidence and assumptions. The Court has reviewed the relevant portions of the challenged reports. (D.I. 329, Ex. A; *id.*, Ex. B; *id.*, Ex. H.) Pursuant to Federal Rule of Evidence 702, Defendants have demonstrated that it is more likely than not that the challenged opinions are based on sufficient facts, *e.g.*, the testimony of Mr. Oberheide, the testimony of Mr. Murray, source code, another expert's source code analysis, and slide decks. (*See, e.g.*, D.I. 370, Ex. C ¶¶ 160–176; *id.*, Ex. D ¶¶ 23–50.) Plaintiff's challenges to the authenticity, reliability, and/or probative value of the evidence relied on by Dr. Jeffay can be addressed through cross-examination and the presentation of contrary evidence at trial. *See Micro Chem., Inc. v. Lextron, Inc.*, 317 F.3d 1387,

1392 (Fed. Cir. 2003) ("When . . . the parties' experts rely on conflicting sets of facts, it is not the role of the trial court to evaluate the correctness of facts underlying one expert's testimony.").

2. Plaintiff next argues that the Court should exclude all of Dr. Jeffay's opinions relating to "Duo Push 2011" because they violate Magistrate Judge Burke's November 15, 2024 Order, which excluded "Duo Push 2011" as an "invalidity reference[]." (D.I. 314.) That request is denied as (i) it is not the proper subject of a *Daubert* motion, and (ii) Defendants have confirmed that they "will not rely on [Duo Push 2011] as a prior art reference." (D.I. 369 at 13.) The Court does not read Judge Burke's Order to preclude any reference to the Duo Push product as it existed in 2011, as such evidence has relevance aside from its status as a so-called "invalidity reference," *e.g.*, to show that Duo Push 2010 was not abandoned.

May 19, 2025

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE