# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COSMOKEY SOLUTIONS GMBH & CO. KG, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 18-1477-JLH-CJB |
| ) | |
| DUO SECURITY, INC. n/k/a DUO SECURITY ) | **JURY TRIAL DEMANDED** |
| LLC and CISCO SYSTEMS, INC., ) | |
| ) | |
| Defendants. ) | |

## NOTICE OF SUBSEQUENT AUTHORITY

Pursuant to Local Rule 7.1.2(b), Defendant CosmoKey Solutions GmbH & Co. KG ("CosmoKey") provides subsequent authority for (1) CosmoKey's motion to exclude the expert opinions of Lauren Kindler (D.I. 325), on which the Court recently ruled (D.I. 487); and (2) Defendants' motion to exclude the expert opinions of Justin Lewis (D.I. 334), which is pending. The Federal Circuit's *en banc* opinion in *EcoFactor, Inc. v. Google LLC*, No. 2023-1101 (Fed. Cir. May 21, 2025), is attached as **Exhibit A**.

*EcoFactor* held that the plain language of the lump-sum license agreements on which the expert relied did not provide a basis to opine that the parties agreed to an $X per unit rate. *EcoFactor* at 12. Two agreements relied upon by the expert contained express language disavowing that the payment reflected a reasonable royalty (*id.* at 13), and the disavowals were a basis to exclude the opinion (*id.* at 15). In this case, Defendants' expert Lauren Kindler relied on a lump-sum settlement agreement which contained a disavowal provision. D.I. 326, at 4-6. CosmoKey may file a motion for reconsideration of this Court's Order (D.I. 487).

Relevant to the pending motion to exclude Justin Lewis (D.I. 334) is the opinion of Judge Stark, who wrote:

> The quarrel over how the record before us should be understood should not, however, obscure an important reality: today's decision only governs where an expert's testimony is *undoubtedly contrary to a critical fact* upon which the expert relies. Thus, in the vast majority of patent cases, where the relevant evidence the experts are considering *can* support competing conclusions, the Majority Opinion is inapplicable.

*EcoFactor* at 41 (Stark, J., concurring in part and dissenting in part). This reasoning applies to Mr. Lewis's consideration of Duo Push revenue and other evidence. Relying on such evidence, Mr. Lewis apportioned, out of the royalty base and rate, non-patented features of Duo Push. Mr. Lewis:

1. Apportioned, out of the revenue **base**, non-patented features of the higher-tier "Advantage" and "Premier" editions, in order to determine the revenue of the smallest saleable patent practicing unit, the "Essentials" edition (Expert Report of Justin Lewis, D.I. 336-1, Ex. 1, at 26-29);

2. Apportioned non-patented features out of the **rate** used in his "income approach," by applying a feature apportionment (*Id.* at 38-46);

3. Further apportioned non-patented features out of the **rate** by factoring out authentication methods other than Duo Push (*Id.* at 46); and

4. Considered, as part of *Georgia-Pacific* Factor 13,[1] non-patented features like the "Duo Mobile Application,"[2] which provided a basis to adjust the **rate** downward (*Id.* at 72-74).

---

[1] *Georgia-Pacific* Factor 13 considers "[t]he portion of the realizable profit that should be credited to the invention ***as distinguished from non-patented elements***, the manufacturing process, business risks, or significant features or improvements added by the infringer." *Id.* at 72 (emphasis added).

[2] *Id.* at 72 ("Though an 'application' is an element of certain claims of the '903 patent, I understand that this patent does not represent the invention of mobile applications that run on these devices.").

|  |  |
|---|---|
| | Respectfully submitted, |
| | POTTER ANDERSON & CORROON LLP |
| OF COUNSEL: | By: */s/ David E. Moore* |
| | David E. Moore (#3983) |
| Scott T. Weingaertner | Bindu A. Palapura (#5370) |
| Stefan Mentzer | Andrew M. Moshos (#6685) |
| John Padro | Hercules Plaza, 6th Floor |
| Matthew Wisnieff | 1313 N. Market Street |
| Lauren Kuehn Pelletier | Wilmington, DE 19801 |
| Timothy Keegan | Tel: (302) 984-6000 |
| GOODWIN PROCTER LLP | dmoore@potteranderson.com |
| The New York Times Building | bpalapura@potteranderson.com |
| 620 Eighth Avenue | amoshos@potteranderson.com |
| New York, NY 10018 | |
| Tel: (212) 813-8800 | *Attorneys for Plaintiff CosmoKey Solutions GmbH & Co. KG* |
| Farzad (Fred) Feyzi | |
| GOODWIN PROCTER LLP | |
| 601 Marshall Street | |
| Redwood City, CA 94063 | |
| Tel: (650) 752-3100 | |

Dated: May 22, 2025
12245172 / 19335.00001

3