IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COSMOKEY SOLUTIONS GMBH & CO. KG., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 18-1477-JLH-CJB |
| ) | |
| DUO SECURITY, INC. n/k/a DUO SECURITY ) | |
| LLC and CISCO SYSTEMS, INC., ) | |
| ) | |
| Defendants. ) | |

**<u>MEMORANDUM ORDER</u>**

This Order addresses Defendants' Motion to Exclude Certain Opinions of Justin Lewis (D.I. 334). For the reasons stated below, the motion is DENIED.

Mr. Lewis is Plaintiff's damages expert. Defendants argue that Mr. Lewis's opinion on a reasonable royalty is inadmissible under Federal Rule of Evidence 702 because it is based on an unreliable methodology.

The Federal Circuit has explained that

> [t]he admissibility of expert testimony is governed by the Federal Rules of Evidence and the principles laid out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). The district court's "gatekeeping obligation" applies to all types of expert testimony. *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). While questions regarding which facts are most relevant for calculating a reasonable royalty are properly left to the jury, a critical prerequisite is that the underlying methodology be sound.

*VirnetX, Inc. v. Cisco Sys., Inc.*, 767 F.3d 1308, 1328 (Fed. Cir. 2014).

Defendants argue that Mr. Lewis failed to properly apportion the royalty base and the royalty rate. I disagree. The asserted patent claims cover particular methods of multifactor authentication. The accused products are software used for multifactor authentication. It is

undisputed that, in calculating the royalty base, Mr. Lewis employed a methodology that attempted to calculate the value of the smallest saleable patent practicing unit of the accused authentication software. While it is undisputed that the accused authentication software has several non-infringing features, Mr. Lewis calculated a royalty rate that attempts to apportion the value of the patented feature. Having reviewed the cases cited by Defendants, I am unpersuaded that Mr. Lewis used a legally impermissible methodology under the circumstances of this case. Pursuant to Federal Rule of Evidence 702, I find that it is more likely than not that the challenged testimony is the product of reliable principles and methods. Defendants' critiques of Mr. Lewis's analysis can be addressed through cross-examination and the presentation of contrary evidence.

Defendants also argue that Mr. Lewis failed to sufficiently explain his methodology for arriving at his royalty rate opinion. I disagree. Mr. Lewis stated that he considered the opinion of CosmoKey's technical expert, Duo's market data, and other information. Mr. Lewis's report contains a lengthy analysis of the *Georgia Pacific* factors. Pursuant to Rule 702, I find that it is more likely than not that the challenged testimony is the product of reliable principles and methods. Defendants' critiques of Mr. Lewis's analysis can be addressed through cross-examination and the presentation of contrary evidence.

May 27, 2025

_____
The Honorable Jennifer L. Hall
UNITED STATES DISTRICT JUDGE