**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| COSMOKEY SOLUTIONS GMBH & CO. KG,<br><br>Plaintiff,<br><br>v.<br><br>DUO SECURITY, INC. n/k/a DUO SECURITY LLC and CISCO SYSTEMS, INC.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No. 18-1477-JLH-CJB<br><br>**PUBLIC VERSION** |

**[PROPOSED] FINAL PRETRIAL ORDER**

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

*Attorneys for Plaintiff*
*CosmoKey Solutions GmbH & Co. KG*

Jennifer Ying (#5550)
Travis J. Murray (#6882)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Defendants Duo Security LLC f/k/a Duo Security, Inc. and Cisco Systems, Inc.*

Dated: June 2, 2025
Public Version Dated: June 9, 2025

**TABLE OF CONTENTS**


I. NATURE OF THE CASE .......... 2

II. STATEMENT OF THE FACTS THAT ARE ADMITTED AND REQUIRE NO PROOF (“UNCONTESTED FACTS”) .......... 7

III. STATEMENTS OF THE ISSUES OF FACT THAT ANY PARTY CONTENDS REMAIN TO BE LITIGATED (“CONTESTED FACTS”) .......... 7

IV. STATEMENTS OF THE ISSUES OF LAW THAT ANY PARTY CONTENDS REMAIN TO BE LITIGATED (“ISSUES OF LAW”) .......... 8

V. EXHIBITS .......... 8

VI. THE NAMES OF ALL WITNESSES A PARTY INTENDS TO CALL TO TESTIFY (“WITNESS LIST”) .......... 16

VII. BRIEF STATEMENTS OF INTENDED PROOFS .......... 21

VIII. SETTLEMENT .......... 21

IX. MOTIONS *IN LIMINE* .......... 21

X. TRIAL DISCLOSURE SCHEDULE .......... 22

XI. TRIAL .......... 31

XII. OTHER MATTERS .......... 33

**PROPOSED FINAL PRETRIAL ORDER**

On May 21, 2025, the Court held a pretrial conference pursuant to Federal Rule of Civil Procedure 16 and Local Rule 16.3 in C.A. No. 18-1477-JLH-CJB. D.I. 45 ¶ 22. A 5-day jury trial is scheduled to begin on June 9, 2025, with inequitable conduct to be tried to the bench on the evenings of June 9-10. *Id.* ¶ 26; Pretrial Conf. (PTC) Tr. at 5:24-6:1. Pursuant to D.I. 491, the parties submit for the Court's approval this revised Pretrial Order governing the trial pursuant to District of Delaware Local Rule 16.3 and the Court's Scheduling Order (D.I. 45).

**Plaintiff's Counsel**: Plaintiff CosmoKey is represented by:

Scott T. Weingaertner
Stefan Mentzer
John Padro
Matthew Wisnieff
Lauren Kuehn Pelletier
Timothy Keegan
Arshjit Raince
Magdalin Peña
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800
sweingaertner@goodwinlaw.com
smentzer@goodwinlaw.com
jpadro@goodwinlaw.com
mwisnieff@goodwinlaw.com
lpelletier@goodwinlaw.com
tkeegan@goodwinlaw.com
araince@goodwinlaw.com
mpena@goodwinlaw.com

Farzad (Fred) Feyzi
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94603
Tel: (650) 752-3100
ffeyzi@goodwinlaw.com

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

**Defendants' Counsel**: Defendants Duo and Cisco are represented by:

Brian A. Rosenthal
Katherine Dominguez
Allen Kathir
Hyunjong Ryan Jin
Charlie Sim
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
(212) 351-4000
brosenthal@gibsondunn.com
kdominguez@gibsondunn.com
akathir@gibsondunn.com
rjin@gibsondunn.com
csim@gibsondunn.com

Jaysen S. Chung
Julian Manasse-Boetani
Yana Nebuchina
GIBSON, DUNN & CRUTCHER LLP
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
(415) 393-8200
jschung@gibsondunn.com
jmanasse-boetani@gibsondunn.com

Nathaniel R. Scharn
GIBSON, DUNN & CRUTCHER LLP
3161 Michelson Drive, Suite 1200
Irvine, CA 92612-4412
(949) 451-3800
nscharn@gibsondunn.com

Jennifer Ying (#5550)
Travis J. Murray (#6882)
MORRIS, NICHOLS, ARSHT & TUNNELL LLP
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

Elizabeth Moulton
ORRICK, HERRINGTON & SUTCLIFFE LLP
The Orrick Building
405 Howard Street
San Francisco, CA 94105-2669
(415) 773-53700

## I. NATURE OF THE CASE

### A. Background

1. This is an action for patent infringement. Plaintiff CosmoKey Solutions GmbH & Co. KG ("Plaintiff" or "CosmoKey") alleges that Defendants Duo Security LLC ("Duo") and Cisco Systems, Inc. ("Cisco") (collectively "Defendants") infringe claims 1, 5, 10, and 12 of U.S. Patent No. 9,246,903 (the "'903 patent").

2. CosmoKey alleges that Defendants infringe claims 1, 5, 10, and 12 of the '903 patent by using, selling, offering to sell, making, and importing products that use Duo Push, including the Duo Free, Duo Federal, Duo Premier, Duo Advantage, and Duo Essentials

"Editions."[1] CosmoKey alleges that Defendants directly, indirectly, and willfully infringe the '903 patent. CosmoKey seeks monetary damages, as well as various other remedies, including trebling of damages, interest, reasonable attorney's fees and costs.

3. Defendants deny that they directly, indirectly, and/or willfully infringe the '903 patent. Defendants also allege that, under Plaintiff's infringement read of the '903 patent, the features accused of infringement were already in internal commercial use or subject to an arm's length sale or commercial transfer in the United States more than one year before the effective filing date of the '903 patent. Defendants allege that the '903 patent is invalid, and further allege that to the extent Plaintiff's infringement read of the '903 patent is adopted, then such infringement read necessarily ensnares the prior art. Defendants further allege that the '903 patent is unenforceable due to inequitable conduct. Defendants contend that Plaintiff is not entitled to any monetary damages or any other relief. Defendants contend that they are entitled to reasonable attorneys' fees and costs.

4. CosmoKey disputes Defendants allegations and defenses.

**B. The Parties**

5. CosmoKey is a company organized and existing under the laws of the Federal Republic of Germany with its place of business at Niederfelderstrasse 19, Bielefeld, Germany 33611. CosmoKey previously was named Money and Data Protection Lizenz GmbH & Co. Kg and changed its name to CosmoKey Solutions GmbH & Co. KG during the course of this lawsuit.

[1] A "Duo Edition" is a pricing tier Defendants offer for certain sets of technical features. Other features included in the Duo Editions are accused of infringing to the extent they are used to provide, or are used with, Duo Push.

6. Defendant Duo Security LLC is a Delaware limited liability company with a principal place of business at 123 North Ashley Street, Ann Arbor, Michigan, 48104. Duo Security, Inc. was the predecessor entity to Duo Security LLC.

7. Defendant Cisco Systems, Inc. is a Delaware corporation with a principal place of business at 170 West Tasman Drive, San Jose, California, 95143.

8. Duo is a wholly-owned subsidiary of Cisco. Cisco completed the acquisition of Duo on September 28, 2018.

**C. Pleadings**

9. The operative pleadings are CosmoKey's Second Amended Complaint for Patent Infringement, filed on April 3, 2023 (D.I. 62) and Defendants' Answer and Defenses to Plaintiff's Second Amended Complaint for Patent Infringement, filed on May 28, 2024 (D.I. 195).

10. No party seeks to amend the pleadings at this time.

**D. Jurisdiction**

11. This is a civil action for patent infringement. 35 U.S.C. §1 *et seq.* The jurisdiction of the Court is not disputed and is based on 28 U.S.C. §§ 1331, 1332, and 1338(a). No party disputes personal jurisdiction in this action.

12. No party contests venue in this action.

**E. Procedural History**

13. CosmoKey filed its original Complaint on September 25, 2018 against Duo Security, Inc., the predecessor company of Duo Security LLC. Duo filed a motion to dismiss on November 16, 2018. D.I. 9. CosmoKey agreed to withdraw the Complaint and file an amended complaint, and the Court denied the motion to dismiss as moot. CosmoKey filed an Amended Complaint on September 30, 2019 (D.I. 15).

14. Duo moved for judgment on the pleadings under 35 U.S.C. § 101 on October 15, 2019. D.I. 17. Chief Judge Connolly granted Duo's motion on June 24, 2020. D.I. 25. CosmoKey appealed to the Federal Circuit. D.I. 28. The Federal Circuit reversed and remanded. *CosmoKey Sols. GmbH & Co. KG v. Duo Security LLC*, 15 F.4th 1091 (Fed. Cir. 2021).

15. CosmoKey filed its Second Amended Complaint on April 3, 2023. D.I. 62. CosmoKey added Cisco as a Defendant and alleged that both Defendants directly, jointly, indirectly, and willfully infringed the '903 patent. CosmoKey requested, among other things, an award of compensatory damages adequate to compensate CosmoKey for Defendants' infringement of the '903 patent, pre-judgment and post-judgment interest on CosmoKey's award of compensatory damages, an order permanently enjoining Defendants from infringing the '903 patent, an order requiring Duo and Cisco to pay supplemental damages and interest to CosmoKey for all infringement and damages not presented at trial, and a judgment declaring this an exceptional case and award of attorneys' fees, costs and expenses pursuant to 35 U.S.C. § 285.

16. Defendants moved to dismiss on April 21, 2023. D.I. 67. The Court denied the motion on May 13, 2024. D.I. 186.

17. Defendants filed their Answer to the Second Amended Complaint on May 28, 2024, asserting defenses of non-infringement (including under 35 U.S.C. § 273), invalidity and ineligibility, no willfulness and no enhanced damages and no attorneys' fees, adequate remedy at law, statutory limitation on damages (under 35 U.S.C. §§ 286 and 287), ensnarement, territoriality, inequitable conduct, and failure to state a claim. D.I. 195. Defendants requested, among other things, an award of attorneys' fees and costs under 35 U.S.C. § 285.

### F. Claim Construction

18. The Court held a *Markman* hearing on April 12, 2024. The Court issued an oral opinion on April 15, 2024 and a written opinion on May 3, 2024. D.I. 180. The Court construed the terms in the '903 patent as follows:

| Term | Court's Construction |
|---|---|
| "ensuring" | "executing with certainty" |
| "the authentication function is normally inactive and is activated by the user only preliminarily for the transaction" | "the authentication function is normally inactive and is locally activated at the mobile device by the user only preliminarily for the transaction" |
| "said response from the second communication channel includes information that the authentication function is active" | No construction adopted at this time.[2] |
| "ensuring that said response from the second communication channel includes information that the authentication function is active, and" / "thereafter ensuring that the authentication function is automatically deactivated." | "ensuring that the authentication function is automatically deactivated" must occur after "ensuring that said response from the second communication channel includes information that the authentication function is active" |
| "the authentication function is automatically deactivated" | "the authentication function is deactivated without user involvement"<br>This construction does not preclude user involvement in activating the authentication function. |

[2] Defendants' Position: Consistent with the discussion at the pretrial conference, at the charge conference, Defendants may ask the Court to adopt a claim construction for this term, and CosmoKey may likewise argue that Defendants' request for a construction was raised too late. PTC Tr. at 6:23-7:15. Plaintiff's Position: CosmoKey disagrees with Defendants' characterization of the pretrial conference. As the Court stated that "Plaintiff will also have the opportunity to say that whatever dispute [Defendants] [are] planning to raise was raised too late," and that "[the Court] won't exclude the possibility that [the Court will] say it's too late to bring it up," *id.* at 7:10-15, CosmoKey disagrees that any further claim constructions can be raised and objects to any such procedure as deeply prejudicial and inviting legal error. There is no other claim construction nor have the experts applied such constructions. Defendants' potential proposal presents many of the same issues as set forth in Plaintiff's motion for reconsideration on the potential "authentication function" claim construction process. *See* D.I. 495.

| | |
|---|---|
| "location(s)" | "physical location(s)"<br>This construction can encompass the authentication device looking at a logical address, so long as that logical address corresponds to or is associated with a physical location. |
| "predetermined spatial relationship" | "predetermined relationship related to the physical locations of both the terminal and the mobile device" |

## II. STATEMENT OF THE FACTS THAT ARE ADMITTED AND REQUIRE NO PROOF ("UNCONTESTED FACTS")

19. The parties' Joint Statement of Uncontested Facts is attached as **Exhibit 1**.

20. The parties agree that the uncontested facts in **Exhibit 1** require no proof at trial and will become part of the evidentiary record in this case. Subject to the Court's approval, any party, with prior notice to the other party, may request that the Court read any or all of the uncontested facts to the jury or Court, as long as entire facts are read and will be charged for the time to do so. The Court will read the facts in accordance with Third Circuit Model Jury Instruction 2.5.

21. The parties reserve the right to modify or supplement the joint statement of uncontested facts to the extent necessary before they are entered into the evidentiary record to reflect fairly the Court's rulings on any motions or subsequent orders of the Court, or by agreement of the parties.

## III. STATEMENTS OF THE ISSUES OF FACT THAT ANY PARTY CONTENDS REMAIN TO BE LITIGATED ("CONTESTED FACTS")

22. Plaintiff's Statement of Contested Facts is attached as **Exhibit 2**.

23. Defendants' Statement of Contested Facts is attached as **Exhibit 3**.

24. The parties reserve the right to modify or supplement their statements of fact that remain to be litigated to the extent necessary to reflect fairly the Court's rulings on any motions or subsequent orders of the Court or by agreement of the parties.

## IV. STATEMENTS OF THE ISSUES OF LAW THAT ANY PARTY CONTENDS REMAIN TO BE LITIGATED ("ISSUES OF LAW")

25. Plaintiff's Statement of Issues of Law is attached as **Exhibit 4**.

26. Defendants' Statement of Issues of Law is attached as **Exhibit 5**.

27. The parties reserve the right to modify or supplement their respective statements of issues of law that remain to be litigated to the extent necessary to reflect agreements between the parties or the Court's rulings on any motions or subsequent orders of the Court.

## V. EXHIBITS

### A. Exhibit Lists

28. The parties' proposed joint jury trial exhibit list is attached as **Exhibit 6**. The parties' joint trial exhibits will be identified by JTX numbers, starting with JTX0001. Exhibits that the parties have included in the joint jury trial exhibit list and identified by JTX numbers have been included on the list because these documents appeared on each party's exhibit list. By agreeing to the inclusion of any document on the joint jury trial exhibit list, the parties do not waive any of their objections to the use of these documents by the opposing party.

29. Plaintiff's jury trial Exhibit List, including Defendants' objections to Plaintiff's exhibits, is attached as **Exhibit 7**. Plaintiff's bench trial Exhibit List, including Defendants' objections to Plaintiff's exhibits, is attached as **Exhibit 8**. Plaintiff's trial exhibits will be identified with PTX numbers, starting with PTX0001.

30. Defendants' trial Exhibit List, including Plaintiff's objections to Defendants' exhibits, is attached as **Exhibit 9**. Defendants' trial exhibits will be identified with DTX numbers, starting with DTX001.

31. Absent good cause shown, agreement of the parties, or leave of the Court, a party may not introduce at trial any exhibit not appearing on its list, another party's list, or on the parties' joint exhibit list, except for exhibits used solely for impeachment and any Rule 1006 exhibits. Such impeachment exhibits, if not appearing on a party's exhibit list or the joint exhibit list, shall not be admissible unless good cause is shown. The parties will submit electronic copies of all trial exhibits to the Court in accordance with the Court's instructions.

32. The parties will exchange all Rule 1006 exhibits no later than **12:00 pm Eastern Time** on the Thursday before trial begins. No Rule 1006 exhibit will be admitted into evidence until any objections are resolved by agreement between the parties or by the Court. The parties will bring the disputed evidence to the attention of the Court in accordance with the disclosure and objection schedule for exhibits as set forth below.

33. [Reserved].

34. The descriptions of the documents in **Exhibits 6**, **7**, **8**, and **9** are for the convenience of the parties and the Court only, and do not constitute admissions about the content or admissibility of the documents described, or other aspects of the documents. The parties agree that any description or date of a document or other material on an exhibit list is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the document or material. The parties further agree that failing to list a date is not evidence or an admission of whether the document is dated.

35. The parties agree that either party may use any exhibit disclosed on either party's exhibit list to the same extent as those identified on its own exhibit list, subject to any objections by the party opposing such use.

36. For the purposes of the inequitable conduct bench trial, any party may use any exhibits that either party originally disclosed on their exhibit list for the purposes of the jury trial, subject to any objections by the opposing party. For the jury trial, parties may not use exhibits that are relevant to only to the inequitable conduct issues to be tried at the bench trial. Consistent with the Court's rulings at the pre-trial conference regarding CosmoKey's Motion in Limine No. 1 (*see* Tr. at 68:19-69:14; D.I. 491 ¶ 2), to the extent the parties have remaining disagreements on whether certain evidence may be presented to the jury, the parties will bring the disputed evidence to the attention of the Court in accordance with the disclosure and objection schedule set forth below.

37. Any exhibit, once admitted, may be used equally by any party subject to any limitations as to its admission into evidence. The listing of a document on a side's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side for the purpose that the opposing side wishes to enter the document into evidence. The fact that an exhibit is listed on a side's exhibit list does not mean that side believes the exhibit would be admissible if offered by the other side. If a party attempts to introduce an exhibit listed only on the other side's exhibit list, the listing side reserves the right to object to such introduction, and they need not list objections to their own exhibits as part of the Pretrial Order. In addition, each party reserves the right to make objections under Federal Rules of Evidence, including under Rules 104, 105, 602, and 802 to any evidence offered by the other side, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

38. The parties agree that if any party removes or otherwise withdraws an exhibit from its exhibit list, the other party may use that same exhibit, regardless of whether the exhibit was originally on its exhibit list. The parties also agree that the parties may object to such exhibits, other than an objection based on untimely listing.

39. A party's decision not to introduce any exhibit appearing on its list shall not be commented on during trial.

40. The parties shall promptly meet and confer regarding replacing any poor quality print or digital copies of exhibits with substantively identical improved or higher quality or color copies.

41. The parties have provided translations for documents with writing in a language other than English during fact discovery. To the extent translations have been included for such documents, the translations must be listed on the parties' exhibit lists. To the extent a party discovers that a translation has not been provided during fact discovery for a document the party intends to use as an exhibit at trial, a translation must be included for that document and served on the other party no later than **May 9, 2025**. Objections to the form or substance of translations must be made by **May 19, 2025**.

42. The parties agree that they will not dispute the authenticity of any document that was produced by the parties in connection with this case and that such documents shall be deemed *prima facie* authentic, subject to the right of the party against whom such a document is offered to adduce evidence to the contrary or to require the offering party to provide authenticating evidence if the opposing party has a reasonable basis to believe that the document is not authentic. The parties reserve the right to object to the introduction into evidence of the documents and files

referenced (in whole or in part) on all other grounds, including the admissibility of these documents for reasons other than challenging their authenticity.

**B. Use of Exhibits**

43. Unless otherwise stipulated among the parties, no exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. Should a party inadvertently fail to formally move an exhibit into evidence at the close of the witness's testimony, the parties agree that such exhibits may be moved into evidence, subject to objection, promptly afterwards.

44. Exhibits may not be published, displayed, or otherwise shown to the jury until after they have been admitted into evidence. Notwithstanding the foregoing, pursuant to the procedures in Paragraph 95, an exhibit for which no objection remains pending at the time of opening statements may be shown to the jury by either party during opening statements if the exhibit will be the subject of witness testimony at trial. Once admitted, counsel may publish exhibits to the jury without requesting to do so, subject to the confidentiality and sealing provisions of Paragraphs 141. Any exhibit, once admitted, may be used equally by each party, except that nothing in this Order shall be construed as a stipulation or admission that the document is entitled to any weight in deciding the merits of this case.

45. Exhibits not objected to will be received into evidence without the need for additional foundation testimony, provided they are shown to a witness and moved into evidence as provided above.

46. Legible photocopies of documents may be offered and received in evidence in lieu of originals, subject to all foundational requirements and other possible objections to the admissibility of originals.

47. Exhibits may be introduced by video deposition testimony. Any party that has used an exhibit with the witness in the deposition and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by trial exhibit number.

48. Subject to the objections of the opposing party, admissions by a party from any interrogatory responses, other discovery responses, or answers to pleadings may also be read into the record at trial, provided the party seeking to read such interrogatory responses, discovery responses, or answers to pleadings complies with the exchange rules set forth herein and the Federal Rules of Evidence.

49. Any exhibit, once admitted at trial, may be used equally by each party for any proper purpose in accordance with the Federal Rules of Evidence.

50. The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document.

51. Each party reserves the right to object to the admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

52. Exhibits that are United States patents, published patent applications, patent applications, and prosecution file histories shall be presumed authentic under Federal Rule of Evidence 901.

53. Legible copies of the patent at issue and the contents of its U.S. Patent and Trademark Office file history as well as copies of United States patents and their corresponding applications may be offered and received in evidence in lieu of certified copies, subject to all other objections that might be made to the admissibility of certified copies.

54. In order to reduce the number of duplicate exhibits, where a deposition excerpt references a document by exhibit number and that identical document was also marked with a different trial exhibit number, a party may substitute one exhibit for the other, provided the party provides notice of such substitution by **7:00 pm** the day prior to its use.

55. Electronic versions of document exhibits in their native format, such as spreadsheets or presentations, may be offered into evidence in lieu of paper or PDF versions.

56. None of these stipulations abrogates the requirement that the party offering an exhibit into evidence must satisfy any other rules governing the admissibility of evidence set forth in the Federal Rules of Evidence, the Federal Rules of Civil Procedure, this Court's Local Rules, the Court's practices, or any other applicable rule or regulation. The parties shall meet and confer in good faith to resolve objections to trial exhibits prior to their introduction at trial.

57. The parties shall meet and confer on the agreed-upon pretrial schedule regarding their respective objections in an effort to resolve all objections and issues prior to presenting them to the Court.

58. At the conclusion of trial, the parties will jointly provide the Court with a binder and electronic set of the admitted exhibits.

**C. Physical Exhibits**

59. At a mutually convenient time and place at least 3 calendar days before the first day of trial (i.e., the Friday before trial), the parties shall make available for inspection in Wilmington, Delaware or at another location agreed to by the parties any physical exhibits to be used at trial, labeled with an exhibit number, whether such physical exhibits will be admitted into evidence or used as demonstratives. For purposes of clarity, such physical exhibits do not include document trial exhibits or graphical demonstratives, which are subject to the disclosure provisions above and

below. The provisions included in this paragraph are not intended as a waiver of any argument that a physical exhibit was not timely produced during discovery or properly included on the producing party's exhibit list.

60. The parties shall provide a color representation in PDF form, such as a picture or photograph, of any physical demonstrative exhibit, identify the PDF as a representation of a physical demonstrative, and make the physical demonstrative available for inspection as described above and below.

**D. Demonstratives**

61. The parties may use demonstrative exhibits, which do not need to be identified on their respective lists of trial exhibits. Each demonstrative exhibit shall identify by exhibit number or Bates number all trial exhibits that form the basis of the demonstrative exhibit. Demonstratives may be lodged with the Court at the end of trial, but are not considered evidence. CosmoKey's demonstrative exhibits will be identified with PDX numbers, starting with PDX0001. Defendants' demonstrative exhibits will be identified with DDX numbers, starting with DDX0001.

62. The party shall provide a color representation of the demonstrative exhibits in PDF form in the order of intended use with slide numbers as they will be numbered for use at trial. The PDF shall be provided in an identical clarity and resolution as to be used at trial. Each party will exchange full color PDF files of demonstrative trial exhibits by e-mail in accordance with the schedules set out below.

63. Any demonstrative exhibits that include video animations will be provided to the other side in an appropriate electronic format to view the video or animation.

64. Demonstratives used only for closing argument and/or cross-examination do not need to be disclosed or provided to the other side in advance of their use. For demonstratives to

be used in openings or direct examinations, demonstratives consisting solely of blow-ups, highlights, and similar representations of trial exhibits are not required to be provided to the other side in advance of their use under this provision.

65. The parties shall meet and confer on the agreed-upon pretrial schedule regarding their respective objections in an effort to resolve all objections and issues prior to presenting them to the Court.

## VI. THE NAMES OF ALL WITNESSES A PARTY INTENDS TO CALL TO TESTIFY ("WITNESS LIST")

### A. Witness Lists

66. Plaintiff's Witness List and Defendants' objections are attached as **Exhibit 10**.

67. Defendants' Witness list and Plaintiff's objections are attached as **Exhibit 11**.

68. The listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition.

69. A party reserves the right to call witnesses identified by the opposing party or additional witnesses for impeachment or to authenticate documents.

70. The parties' witness lists represent the parties' good-faith understanding and expectation about which witnesses are expected to be called live in-person, or by deposition, at trial. If a witness otherwise becomes unavailable for testifying live at trial, as that term is defined in the Federal Rules of Civil Procedure and Federal Rules of Evidence, each party reserves the right to call that witness by deposition, to the extent permitted under the Federal Rules of Civil Procedure and the Federal Rules of Evidence. In such circumstances, for the witness who becomes unavailable, a party may designate deposition testimony after the filing of this Order, and the parties may provide objections and counter-designations in accordance with the procedure followed for other deposition designations. A party shall immediately notify the other party in the

event it learns that a witness has become unavailable and allow the other party sufficient time to prepare objections and any counter-designations to such deposition testimony.

71. Notwithstanding any other provision in this pretrial order, the parties have agreed that each side will make the individuals who submitted expert reports regarding technical issues (*e.g.*, infringement and invalidity) or damages issues in this case available to testify at trial. Neither side needs to designate the deposition testimony of the other side's experts. If any expert is unavailable for trial, however, the party submitting a report for that expert agrees that the other party may submit a late designation of that expert's deposition testimony.

72. Any witness not listed in the parties' witness lists in **Exhibits 10** and **11** will be precluded from testifying absent a showing of good cause.

**B. Witnesses Testifying Live at Trial**

73. Before they testify, fact witnesses shall be sequestered so that they do not hear the testimony of other witnesses. However, in accordance with Fed. R. Evid. 615(b), this exclusion rule will not apply to the individual designated by each party as its representative. Fact witnesses may be present in the courtroom during opening statements, but must exit thereafter, before witness testimony begins. Expert witnesses are not excluded from the courtroom for either fact or expert testimony.

74. The parties agree to identify their respective corporate representative by email exchange no less than two days before the first day of trial by **7:00 p.m.**

75. For any witness who will be made available to testify live at trial, the parties agree that (a) the witness will be called only once (except if needed in rebuttal) and will be called in the case-in-chief of the party sponsoring the witness; and (b) the non-sponsoring party may exceed the scope of the sponsoring party's direct examination of the witness on cross-examination. A party

may play 30(b)(6) deposition testimony in accordance with Fed. R. Civ. P. 32 even if the witness appears live. The parties may also use videotaped deposition testimony for purposes of impeachment, subject to the Federal Rules.

76. Plaintiff will have the right to hold its case-in-chief open to the extent it wants to include cross-examination of any of Defendants' witnesses in Plaintiff's case-in-chief. Each side may present a motion under Rule 50 after the close of Plaintiff's case-in-chief, including after any cross-examination of Defendants' witness that was included in Plaintiff's case-in-chief.

**C. Testimony by Deposition**

77. Plaintiff's Deposition Designations, along with Defendants' objections and counter-designations thereto, and Plaintiff's objections to the counter-designations and counter-counter designations, including Plaintiff's Deposition Designations on issues for which Defendants bear the burden of proof, Defendants' objections and counter-designations thereto, and Plaintiff's objections to counter-designations and counter-counter designations are attached as **Exhibit 12**.

78. Defendants' Deposition Designations, along with Plaintiff's objections and counter-designations thereto, and Defendants' objections to the counter-designations and counter-counter designations, are attached as **Exhibit 13**.

79. If applicable, a party's designation of a page and line from a particular transcript shall be automatically deemed to include any errata indicated for that page and line in the attached errata sheets.

80. This pretrial order contains the maximum universe of deposition designations, counter-designations, and objections to admission of deposition testimony. None of the foregoing

may be supplemented without approval of both parties or leave of the Court, on good cause shown, although the parties may object to deposition designations based on future Court rulings.

81. Deposition testimony not specifically identified on a party's deposition designation list or exhibit list may be used at trial only for the purpose of impeachment, if otherwise competent for such purpose. Notwithstanding the foregoing, in accordance with Paragraph 70, parties may designate deposition testimony after the filing of this Order in the event a witness previously expected to testify live becomes unavailable, or for good cause.

82. The parties may offer some or all of the deposition testimony set forth in the attached exhibits at trial. A party's decision not to introduce some or all of the testimony of a witness designated herein shall not be commented upon at trial. If a party decides to play less than all the designated testimony for a witness at trial, or to include fewer than all of its counter-designations, the opposing party may use such dropped testimony as counter-designations to the extent the usage of such testimony in such manner is otherwise consistent with Rule 106 of the Federal Rules of Evidence, Rule 32 of the Federal Rules of Civil Procedure, and any other applicable Federal Rule of Evidence or Federal Rule of Civil Procedure.

83. Any party may use testimony that is designated by another party, to the same effect as if it had initially designated the testimony as a counter-designation for fairness or completeness reasons, subject to all objections. For convenience and sake of brevity, the parties have listed only new counter-designations in response to specific affirmative designations by the opposing party. The parties reserve the right to also use any designations identified by either party as counter or counter-counter designations. To the extent an opposing party withdraws any designated testimony, a party may present that testimony. The Federal Rules of Civil Procedure and the Federal Rules of Evidence shall govern the admissibility of deposition testimony.

84. If an exhibit is referenced in a deposition designation played at trial, the designating party may seek to admit the exhibit into evidence if it is included on a party's trial exhibit list, subject to the other party's objections. If an exhibit is referenced in a deposition designation played at trial and the Court has not sustained an objection to the exhibit's admission into evidence, the designating or counter-designating party may display the exhibit to the jury alongside the video and highlight or enlarge portions of the exhibit on the screen that were discussed or referenced in the designation or counter-designation, respectively, as if the exhibit was being shown to a live testifying witness.

85. If a party opts to introduce deposition testimony, the opposing party's counter-designations of that same witness's deposition testimony must also be presented at the same time. Prior testimony designation excerpts, whether affirmative designations or counter-designations, will be played or read in the order they are found in that transcript. When such excerpts are introduced, all admissible counter-designation excerpts, whether offered by video or by transcript, will be introduced at the time the testimony is offered, subject to the resolution of any objections to the designated or counter-designated testimony.

86. If playing deposition testimony by video, the deposition video shall include subtitles of the testimony at the bottom of the screen that matches the witness' testimony to the extent possible.

87. For those witnesses whose depositions will be played or read, the parties shall be permitted to make brief transition statements to introduce the witnesses by name, position, or title, and/or the entity with which he or she is associated, the 30(b)(6) deposition topics for which the witness was designated (if any), the time for which shall be charged to the party offering the witness's testimony, unless otherwise agreed to by the parties. However, counsel shall not be

permitted to argue or comment on the evidence during transition statements. The party offering the testimony by deposition shall provide a draft of the proposed transition statement at the time it provides its deposition designations in accordance with the schedule below in Section X.B.2.

88. The parties reserve the right to call any witnesses identified as witnesses to testify via deposition in order to elicit live testimony in support of their case to the extent these witnesses are made available live at trial.

## VII. BRIEF STATEMENTS OF INTENDED PROOFS

89. CosmoKey's statement of intended proof at trial is attached as **Exhibit 14**.

90. Defendants' Statement of Intended Proof is attached as **Exhibit 15**.

## VIII. SETTLEMENT

91. The parties certify that they have engaged in a good-faith effort to resolve the controversy by settlement, including through their good-faith effort to mediate pursuant to the Court's order. D.I. 397.

## IX. MOTIONS *IN LIMINE*

92. Plaintiff's motions *in limine*, Defendants' oppositions, and Plaintiff's replies and any exhibits thereto are attached as **Exhibit 16**. The parties hereby incorporate the Court's rulings on Plaintiff's motions *in limine* from the May 21, 2025 pretrial conference.

93. Defendants' motions *in limine*, Plaintiff's oppositions, and Defendants' replies and any exhibits thereto are attached as **Exhibit 17**. The parties hereby incorporate the Court's rulings on Defendants' motions *in limine* from the May 21, 2025 pretrial conference.

94. Defendants have agreed not to refer to CosmoKey as a "non-practicing entity" or "NPE" or "patent troll."

## X. TRIAL DISCLOSURE SCHEDULE

### A. Exhibits and Demonstratives for Opening Statements

95. If a party intends to use a demonstrative or an exhibit (or any portion of it) during its opening statement, the party shall disclose the demonstratives and lists of exhibits by **5:00 p.m. one day**[3] before opening statements. The opposing party will provide objections by **7:00 p.m. one day** before opening statements. The parties will meet and confer to resolve any objections to opening exhibits by **8:00 p.m. one day** before opening statements (*i.e.*, the same day).

96. If good faith efforts to resolve objections fail, the objecting party shall promptly bring to the Court's attention any outstanding objections by email to the Court (jlh_civil@ded.uscourts.gov) by **7:00 a.m.** the morning of opening statements. The parties shall attach to the email digital copies of all objected to exhibits and provide a one- or two-sentence statement about the dispute. The objecting party will provide the Court with two printed copies of the submission by **8:15 a.m.** that morning.

### B. Witnesses, Exhibits, and Demonstratives for Direct Examination

#### 1. List of Witnesses

97. **Sequestration of Witnesses**. With the exception of expert witnesses and a corporate representative for each party, the parties agree that fact witnesses should be prevented from hearing the testimony of other witnesses pursuant to Federal Rule of Evidence 615. Fact witnesses, however, may be present for the parties' opening statements. Excluded witnesses will be prohibited from learning about, obtaining, or being provided with trial testimony of other witnesses.

[3] As used in this Order, "day" means calendar day, unless otherwise specified. All times are Eastern Time unless otherwise specified.

98. Each side will provide the other with an updated good-faith list of witnesses it intends to call live at the trial seven days before the first day of trial by **7:00 p.m.**, without prejudice to the right to remove any such witness. Except as set forth in this Order, no fact or expert witness called by a side shall be permitted to testify in its case-in-chief, responsive, or rebuttal case at trial if not identified in this Order (including exhibits to the Order), except for impeachment or to authenticate documents, unless the Court determines that good cause exists for calling an unlisted witness. The listing of a witness on a side's witness list or inclusion of witness's deposition testimony on a party's list of deposition designations does not require the party to call that witness to testify live or by designation, and does not imply or establish the listed party has the power to compel the live testimony of that witness or make that witness available to the opposing party.

99. Once a side has identified a witness on its final list of witnesses it intends to call live, if the side later elects not to call that witness, it must make a good faith effort to make that witness available to be called by the other side, if the other side so chooses. The other side may also elect to designate deposition testimony from the witness.

100. A party will provide a list of witnesses that the party intends to call, the order the party expects to call the witnesses, and the method of testimony (*i.e.*, live or by deposition) by **7:00 p.m. two** days before the witnesses are expected to testify. The parties' witness disclosures will reflect a good faith determination of the witnesses that the party will call. The parties shall provide any objections to a witness by **7:00 p.m. one** day before the witness is expected to testify. The parties will meet and confer to resolve any objections to a witness by **10:00 p.m. one** day before the witness is expected to testify.

101. If good faith efforts to resolve objections fail, the objecting party shall promptly bring to the Court's attention any outstanding objections via email to the Court

(jlh_civil@ded.uscourts.gov) by **7:00 a.m.** the morning that the witness is to testify. The parties shall provide in the email a one- or two-sentence statement about the dispute. The objecting party will provide the Court with two printed copies of the submission by **8:15 a.m.** that morning.

102. Consistent with D. Del. LR 43.1, during adjournments in the trial including breaks during the trial and overnight, the offering party may discuss with a witness his or her testimony on direct examination until the witness is passed for cross-examination and cross-examination has commenced. At that point, the party may not discuss with the witness his or her testimony until cross-examination and any redirect is complete.

### 2. Deposition Testimony

103. These designations cover witnesses the parties anticipate may testify via deposition. Provision of deposition designations does not preclude the right of either party to call any listed witness live, subject to the disclosure provisions of the form of witness testimony outlined in this Order.

104. All objections and attorney colloquy will be eliminated from the deposition designations when the designations are read to or viewed by the jury.

105. If a party intends to call a witness at trial by deposition testimony, the party shall identify its deposition designations for that witness by **7:00 p.m. three days before** the day the party expects to read or play the deposition testimony. The parties' disclosures will reflect a good faith determination of the deposition testimony that they will actually offer at trial. A party may not play deposition testimony, except for purposes of impeachment, not disclosed in its designations attached to this Pretrial Order (**Exhibits 12** and **13**), except as provided in the Order, including at paragraphs 81, 82, and 83, or otherwise agreed by the parties. The identification of deposition designations (as well as counter-designations) shall include an (a) identification of the

specific pages and lines of the witness's deposition testimony that the party expects to read or play, (b) identification of each trial exhibit that the party seeks to introduce with that testimony, (c) provision of an estimate of the time the testimony will take to read or play, and (d) any transition statement to introduce the witness including the identification of the 30(b)(6) topics, if any, for which the witness was designated. The other party shall then provide any objections to the identified testimony and exhibits and identify its counter-designations to the identified testimony by **7:00 p.m. two days before** the day the deposition testimony is expected to be read or played. The parties will meet and confer to resolve any objections to deposition testimony by **10:00 p.m. two days before**, *i.e.*, the same day, the deposition testimony is expected to be read or played.

106. Where a party has unresolved objections relating to the testimony of a witness called to testify by deposition at trial, by **6:00 p.m. the day before** the witness is going to be called, the party objecting to the testimony shall provide the Court with two copies of the entire deposition transcript with highlights of the designations and counter designations that will be read or played, a box around any objected-to testimony, and a concise indication in the margin of the pending objections (e.g., "402"). The party objecting to the testimony shall also provide a cover letter that includes a chart with any pending objections and a one-sentence basis for the objection and a one-sentence response to the objection.

107. Either side may withdraw a designation at any time, particularly as the Court may resolve disputes about designated testimony on the day on which it is to be read or played. The sides will work together in good faith to ensure that both sides can adjust designations or counter-designations accordingly.

108. For those witnesses whose prior deposition or trial testimony will be read or played to the jury, the parties shall be permitted to make brief transition statements to introduce the

witnesses and their role in the litigation. However, counsel shall not be permitted to argue or comment on the evidence during transition statements. Any transitional statements must be disclosed at the same time the parties disclose the prior deposition or trial testimony to be read or played.

109. On the day the testimony is to be played, the party calling the witness shall provide an additional copy for the court reporter, the opposing party, and the Court.

110. If a party decides to play less than all of the designated testimony for a witness at trial, or to include less than all of its counter-designations, the opposing parties may use such dropped testimony as counter-designations to the extent the usage of such testimony in such manner is otherwise consistent with Federal Rule of Evidence 106, Federal Rule of Civil Procedure 32, and any other applicable Federal Rule of Evidence or Federal Rule of Civil Procedure.

111. The party introducing the deposition testimony will be responsible for editing the deposition video to include the testimony and counter-designated testimony, minus attorney objections, and will provide the final edited video to the other party by **7:00 p.m. one day before** the deposition testimony is to be played to the jury. The exchange format consists of: (a) a download link to the Video file; and (b) PDF Clip Report for each witness (cover page to include total run time, Plaintiff's Designation Run Times, Defendants' Designation Run Times, and a listing of exhibits included in the testimony). Objections to the video shall be provided no later than **9:00 p.m. one day before** the testimony will be introduced.

112. The deposition video will include subtitles of the testimony at the bottom of the screen that matches the witness's testimony. All irrelevant material, including colloquy between counsel and objections, will be eliminated when the deposition is played or read. If a party is designating deposition testimony from multiple depositions of the same witness, the designating

party may choose what order to play the videos from those depositions. The witness's designated testimony from each deposition shall be played or read in chronological order in its entirety before the designations from the next deposition are begun. The chronological order requirement does not apply to the use of deposition transcripts or video for impeachment purposes.

113. The party calling the witness by deposition will be responsible for calculating, and will provide the Court, by the end of the day that the testimony is played, an accounting of the time for each party's designations based on the parties' proportional share of lines of testimony for read-in testimony and by actual time for video testimony so that the Court may accurately charge time to the designating party.

114. The time available for each side's trial presentation shall be reduced by the length of its designations and counter-designations actually played or read at trial.

115. The above procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video used for impeachment of a witness. Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

**3. Trial Exhibits for Direct Examination**

116. A party will provide a list of trial exhibits to be used in connection with direct examination, including indicating with which witness the trial exhibits will be used by **7:00 p.m. one day** before their intended use. The parties' disclosures will reflect a good faith determination of the exhibits that will be used with a particular witness, and reasonable efforts will be made to streamline disclosures such that they include few, if any, exhibits that do not ultimately get used with the witness. The parties shall provide any objections to trial exhibits by **9:00 p.m. one day**

before their intended use. The parties will meet and confer to resolve any objections to trial exhibits to be used for direct examination by **10:00 p.m.** one day before their intended use.

117. If good faith efforts to resolve objections fail, the objecting party shall promptly bring to the Court's attention any outstanding objections by email to the Court (jlh_civil@ded.uscourts.gov) by **7:00 a.m.** the morning that the evidence is to be presented. The parties shall attach to the email digital copies of all relevant exhibits and provide a one- or two-sentence statement about the dispute. The objecting party will provide the Court with two printed copies of the submission by **8:15 a.m.** that morning.

**4. Demonstrative Exhibits for Direct Examination**

118. A party will provide non-physical and physical demonstrative exhibits to be used in connection with direct examination, including indicating with which witness the demonstrative exhibits will be used by **7:00 p.m.** one day before their intended use. The parties shall provide any objections to demonstrative exhibits by **9:00 p.m.** one day before their intended use. The parties will meet and confer to resolve any objections to demonstrative exhibits to be used for direct examination by **10:00 p.m.** one day before their intended use.

119. Demonstratives used only for cross-examination or closing arguments do not need to be disclosed.

120. A party disclosing physical demonstratives will provide a color PDF rendering of the demonstrative (such as a photograph, picture, or similar).

121. If good faith efforts to resolve objections fail, the objecting party shall promptly bring to the Court's attention any outstanding objections via email to the Court (jlh_civil@ded.uscourts.gov) by **7:00 a.m.** the morning that the evidence is to be presented. The parties shall attach to the email digital copies of all relevant demonstratives and provide a one- or

two-sentence statement about the dispute. The objecting party will provide the Court with two printed copies of the submission by **8:15 a.m.** that morning.

122. The party disclosing the demonstrative exhibits shall identify and disclose all trial exhibits that are incorporated into or referenced in any way in the demonstratives at the same time the party discloses the demonstrative exhibit. The disclosure shall identify which exhibits are used in which demonstratives, either separately or within the demonstratives themselves.

123. The party shall provide a color representation of the demonstrative exhibit in PDF form in the order of intended use with slide numbers as they will be numbered for use at trial. The PDF shall be provided in an identical clarity and resolution as to be used at trial. Any demonstrative exhibits that include video animations will be provided to the other side via a secure file share link in a manner that allows the receiving party to play the video in the demonstrative.

124. The parties may make reasonable, non-substantive edits or corrections of typographical and similar errors to a demonstrative provided that the party promptly notify the opposing party of the changes to provide the opposing party with reasonable notice of the changes before the demonstrative exhibit is presented to the jury.

**5. Witness Binders**

125. The parties agree to provide witness binders for each fact and expert witness for direct examination. Prior to the start of direct examination of a particular witness, the party conducting the direct examination will provide at least two copies to the opposing party at the

same time the binder is presented to the witness. Two additional copies of such binders must be provided to the Court at the time they are provided to the witness.

**6. Cross Examination**

126. The parties will not exchange trial or demonstrative exhibits to be used in cross examination until cross examination begins. Documents, deposition transcripts, or other items (or portions of them) may still be used for cross examination, impeachment, or rehabilitation, if otherwise competent for such purposes.

127. The party conducting cross examination must provide a binder to the witness with all of the exhibits the cross-examining party expects it may use with the witness. The party conducting cross examination must provide two copies of that binder to the Court and two copies to the opposing party when the party conducting cross examination provides the binder to the witness.

**C. Party Opponent Statements**

128. A party shall provide any statement by a party opponent in any pleading, request for admission response, interrogatory response, previous trial testimony, or the Joint Statement of Admitted Facts (or portion of them) (**Exhibit 1**) that it intends to have the Court read in by **7:00 p.m. one day** before their intended use. The statement shall be provided in the form of its intended use (*e.g.*, any excerption or redaction applied). The parties shall provide any objections by **9:00 p.m. one day** before their intended use. The parties will meet and confer to resolve any objections by **10:00 p.m. one day** before their intended use.

129. If good faith efforts to resolve objections fail, the objecting party shall promptly bring to the Court's attention any outstanding objections by email to the Court (jlh_civil@ded.uscourts.gov) by **7:00 a.m.** the morning that the evidence is to be presented. The

parties shall attach to the email digital copies of the document the party intends to read or otherwise present at trial and provide a one- or two-sentence statement about the dispute. The objecting party will provide the Court with two printed copies of the submission by **8:15 a.m.** that morning.

130. This provision does not limit the scope of materials or statements that may be used during cross-examination or require the disclosure of any materials or statements that are used during cross-examination.

## XI. TRIAL

### A. Length of Trial.

131. The trials will be timed. The Courtroom Deputy will keep a running total of trial time used by counsel.

132. Unless otherwise ordered, time will be charged to a party for its opening statement, its direct, cross, and re-direct examinations of any witness, and its closing argument.

133. For the jury trial, each side shall be allotted 11 hours for opening statements, closing arguments, all direct, cross and rebuttal examinations, and all deposition designations. Opening statements shall be limited to a maximum of 45 (forty-five) minutes. Closing statements shall be limited to a maximum of 1 (one) hour inclusive of any rebuttal closing by Plaintiff.

134. For the bench trial, each side shall be allocated 2 hours for opening statements, closing arguments, all direct, cross and rebuttal examinations, and all deposition designations. If a side need additional time, it may use portions of the 11 hours allocated for its respective side of the jury trial.

135. Evidence and testimony presented in the jury trial will become part of the bench trial record. Evidence and testimony presented in the bench trial will not become part of the jury trial record.

### B. Order of Proof at Trial

136. The parties have agreed on the following order of proof at trial for the jury trial:

- Plaintiff's Opening Statement;
- Defendants' Opening Statement;
- Plaintiff's case-in-chief on patent infringement and damages;
- Defendants' rebuttal to Plaintiff's case-in-chief on patent infringement and damages, and Defendants' case-in-chief on invalidity and other defenses
- Plaintiff's rebuttal to Defendants' case-in-chief on invalidity
- Plaintiff's closing argument
- Defendants' closing argument
- Plaintiff's closing argument reply

137. Trial counsel are to be present and ready to proceed no later than **8:30 am** every trial day. Issues that need to be addressed outside the presence of the jury will be taken up at **8:30 am** (subject to the Court's availability).

### C. Notice of Intention to Rest

138. By 6:30 p.m. the night before it intends to rest its case, the resting party shall give the other party notice of its intention to rest. This notice is intended to ensure that the parties have an opportunity to comply with the other provisions of this Order.

### D. Jury Selection

139. Jury selection will take place on Monday, June 9, 2025 at 9:00 a.m.

### E. Timing of Inequitable Conduct Trial (Bench)

140. The parties agree that Defendants' inequitable conduct defense should be tried to the bench. The inequitable conduct trial will occur on Monday, June 9, 2025 and Tuesday, June 10, 2025, for up to two hours each night, after the jury trial has concluded for the day. Defendants

will present their affirmative inequitable conduct case first. The parties will separately identify witnesses for the inequitable conduct bench trial in accordance with the witness disclosure procedures set forth in Paragraph 100. The parties will confer and apprise the Court on the procedure for this trial, including opening statements (and their length) and any witness coordination issues.

## XII. OTHER MATTERS

141. **Jury Binders.** On the first day of trial, each member of the jury will be provided a binder prepared by the parties containing copies of any agreed-upon documents (including CosmoKey's '903 patent, a chart listing the Court's claim constructions, and any agreed-upon glossary of terms) and a notepad and pen for notes. The parties will provide witness pages for the jurors to insert in the notebooks at the start of each day when witnesses will be called. The witness page will be an otherwise blank (or lined) page with the name, title, and agreed-upon photographs of the witness. The parties will also provide the Court two copies of notebooks given to the jurors.

142. The parties stipulate that the Federal Judicial Center's video entitled "The Patent Process: An Overview for Jurors" will be played as part of the Court's preliminary jury instructions after the jury has been seated. *See* https://www.fjc.gov/publications/patent-process-overviewjurors. The parties will provide the seated jurors with copies of the sample patent referenced in the Federal Judicial Center's patent video. Time to play the video will not be charged to any party.

143. **Jury Notes**. The parties agree that the jurors be permitted to take handwritten notes during the presentations of the parties and these may be taken with them into the deliberation room. The parties further request that jurors be instructed not to share their respective notebooks with each other and that the notebooks be collected and destroyed after the verdict without review.

144. **Handling of Confidential Information at Trial**. The parties anticipate that the majority of the trial will be open to the public and not sealed unless a party specifically requests sealing. If a party makes such a request, subject to the Court's approval, and for good cause shown, the courtroom shall be cleared of those individuals not qualified under the Protective Order entered in this case, except that each party's corporate representative may remain in the courtroom throughout the entirety of trial. To the extent such documents are admitted into evidence or published to the jury at trial on monitors while the trial is open to the public, this shall not constitute a violation of the Protective Order.

145. Use at trial of protected materials shall not waive protections attributed to protected materials under the Protective Order entered in this case at D.I. 57, except that the parties will not seek to redact from the trial transcript testimony provided in open court even if it concerns protected materials under the Protective Order. Further, for avoidance of doubt, the Protective Order remains effective at the conclusion of trial.

146. The parties may use source code as exhibits at trial, including as demonstrative exhibits. The parties shall in good faith endeavor to limit any presentation of source code to what needs to be used with a witness for purposes of their examination.

147. Source code may be offered into evidence in the format in which it is compiled and disclosed as an exhibit either on Plaintiff's Exhibit List, Defendants' Exhibit List, or the parties' Joint Exhibit List. The parties may offer into evidence printed source code hard copies or their electronic image. The parties are permitted to offer into evidence the portions of source code discussed by a witness during their examination at trial along with any source code necessary to provide context to the portions of source code discussed by a witness at trial. A party will not offer

into evidence entire source code files where entire files are not necessary for the witness's testimony or necessary to provide context for the witness's testimony.

148. Paragraphs 1, 2, and 4 of the stipulation filed as D.I. 252 and attached as Exhibit 18 may be read to the jury as stipulations of fact. The Court will not read Paragraph 3 of D.I. 252 into the record, but Defendants cannot violate the provisions of this stipulation. The parties have agreed that the stipulations may be read in the form set out below:

(1) Cisco uses Duo's APIs in the Cisco Accused Products

(2) Cisco makes, uses, sells, or distributes the Duo Accused Products. Duo Accused Products means Duo Free, Duo Federal, Duo Premier, Duo Advantage, Duo Essentials, Duo MFA, Duo Push, Verified Duo Push, Duo Mobile, Duo Web, Duo Traditional Prompt, Duo Universal Prompt, Duo SSO, and Duo Passwordless. Cisco Accused Products means Cisco's SecureX platform, Cisco Secure Access, Cisco Umbrella, Cisco Secure Client, and Cisco Identity Services Engine, to the extent those products incorporate, include, use, or are bundled with the Duo Accused Products.

(4) The Duo Accused Products use the Duo Source code produced by Defendants in this litigation.

150. Insofar as the Protective Order restricts the dissemination and use of any material, such restrictions shall not apply to the introduction of evidence at trial, including source code.

151. **Jury Consultants.** The parties may have their respective jury consultants present during the totality of voir dire and trial.

152. **Set-Up of Electronic and Computer Equipment**. The parties shall coordinate access to the Courtroom for set up of electronic and computer devices to be used during trial with the Courtroom Deputy.

153. **Witness Names and Glossary**. On or before **June 6, 2025**, the parties must jointly provide a list of witness names and a glossary of technical terms for the court reporter.

154. **Judgment as a Matter of Law**. The parties propose that motions for judgment as a matter of law be made and argued during breaks when the jury is out of the courtroom or at the end of the day after the jury has been dismissed. The moving party shall argue its motion orally out of the presence of the jurors at the earliest opportunity allowed by the Court. The Court will determine, based on the motions, whether to entertain further argument or to require written submissions.

155. **Supplemental Financial Data.** Defendants will be producing supplemental financial discovery that the parties intend to list on their exhibit lists, specifically Defendants' updated financial statements through to the end of April 2025. The parties agree that both parties will be afforded the opportunity to include these materials in their exhibit lists upon receipt of the supplemental financial discovery and neither will object to the inclusion of these documents on each party's respective exhibit list after the filing of the parties' pre-trial order on April 30.

156. **Pending motions to be resolved.** The Court resolved all fully-briefed motions. On Friday, May 30, Plaintiff filed two motions:

- Plaintiff's Motion for Reargument of its Daubert Motion to Exclude the Opinions of Defendants' Expert Lauren Kindler (D.I. 494)
- Plaintiff's Motion for Reconsideration of and Relief From the Memorandum Order on Claim Construction Procedures (D.I. 495).

Briefing is not yet complete on these motions.

157. **Updates Regarding Substantive PTO Issues.**

- **Ensnarement.** Defendants have indicated that they intend to assert an ensnarement defense in response to the allegations of infringement under the doctrine of equivalents. In accordance with the Court's ruling and discussion at the May 21, 2025 pretrial conference, ensnarement will be included on the verdict form as an advisory question for the jury. The jury will be instructed on ensnarement, but the experts must testify within the scope of their reports as served in this case and may not use the term "ensnarement."

- **Obviousness Combinations.** Defendants will rely on a maximum of 3 primary and 2 secondary prior art references for their defenses (including under 35 U.S.C. §§ 102, 103, and 273). For 35 U.S.C. § 103 grounds, Defendants may rely on a total of 5 combinations.

- **Witness List.** Defendants will not bring Mr. Song as a witness to trial. Defendants will not object to Plaintiff's request to use of the deposition testimony of Mr. Wiebusch and/or Mr. Goldberg based on Plaintiff's representation that neither Mr. Wiebusch nor Mr. Goldberg will appear live at trial. Defendants reserve all other objections to Plaintiff's use of the deposition testimony of Mr. Wiebusch and Mr. Goldberg.

- **Production and Exhibit List Dispute.** Per the Court's instructions at the May 21, 2025 pretrial conference, "the information" of which DTX-863 is an excerpt will not be excluded. PTC Tr. at 43:6-19. CosmoKey's objection remains pending, including as to how Defendants intend to use this document at trial. **[Plaintiff's Position:** Defendants' use of this exhibit should be limited as counsel for Defendants noted at the conference, to the related content discussed by Defendants'

experts, specifically the revisions discussed in the Reply Expert Report of Dr. Jeffay, Paragraphs 33-35. Defendants' stated position below suggests that the materials will be used in a manner beyond what was discussed at the hearing and that was disclosed in Defendants' contentions and expert disclosures. PTC Tr. at 44:2-25. The parties continue to confer on the use of DTX-863, including the manner and the scope of content that may be presented to the jury. CosmoKey's objection as to the form in which this exhibit will be presented to the jury has also not yet been resolved, including whether the document they have provided is incomplete or inaccurate.] [Defendants' Position: As indicated at the pretrial conference, Defendants do not object to CosmoKey inspecting the native version of DTX-863, to which it has had access to since at least August 8, 2023, again on the source code review computer in Gibson Dunn's New York offices or presenting the file in native format to the jury. PTC Tr. at 43:6–23. Defendants do not intend to offer the document affirmatively through any of Defendants' experts who did not cite the relevant file in their expert reports, but reserve the right to introduce or use the exhibit through any other appropriate means, such as through witnesses with percipient knowledge of the document, cross examination, or in redirect examination of an expert who did not cite the relevant file to the extent Plaintiff opens the door on cross examination. Defendants further note that Plaintiff's argument that such use is "beyond what was discussed at the hearing and that was disclosed in Defendants' contentions and expert disclosures" is inaccurate. Plaintiff's statement appears to be based on its own (incorrect) characterization of how it believed the document would be used rather than Defendants' unambiguous

explanation at the pretrial conference. PTC Tr. 44:2–10 (Plaintiff's characterization); 44:19–22 (Defendants clarifying that Plaintiff's characterization is incorrect); 40:7–17 (Defendants stating ways in which the document may be used). CosmoKey has not identified, for example, how using this document with a witness with percipient knowledge or in cross examination of one of Plaintiff's witnesses would be improper in light of Defendants' timely disclosure of this revision log in its interrogatory responses. CosmoKey is instead relitigating whether the information in the document should be excluded. The Court has ruled that the information will not be excluded, and Defendants have offered to accommodate further review or presentation in another format, as the Court suggested. PTC Tr. 43:6–17, 43:22–23.]. The parties will further apprise the Court on the dispute. PTC Tr. at 43:24-44:25.

- **Narrowing of Issues for Trial.** Plaintiff will only assert the following claims at trial: claims 1, 5, 10, and 12. Defendants will use only the following prior art references for their defenses (including under 35 U.S.C. §§ 102, 103, and 273) at trial:

    - **Primary references:** Duo Push 2010, Oberheide '230, and Labrou.
    - **Secondary references**: Zettner and Oberheide '535.

  Defendants may rely on additional references to describe the state of the art. Defendants have further agreed to no longer assert their defenses brought pursuant to 35 U.S.C. §112.

    - **Combinations:**
        - Duo Push 2010 and Oberheide '230

- Duo Push 2010 and Labrou
- Duo Push 2010 and Zettner
- Oberheide ’230 and Oberheide ’535
- Oberheide ’230 and Labrou

- CosmoKey reserves the right to object to discussions of these references and combinations not otherwise disclosed.

- **Exhibit List Narrowing.** The parties have reached agreement on certain authentication and foundation objections. The parties have conferred and agreed on the manner in which the parties will present those exhibits, including how experts will present this material. The parties agree that on **June 3, 2025** each side will identify, in good faith, no more than 250 exhibits from the PTX/DTX exhibit lists for use by that side at trial. Each side may use any exhibits from the JTX list in addition to the 250 exhibits. The parties will not add new exhibits or objections to the existing objections beyond what was already submitted in the Pretrial Order. For the purposes of calculating their additional 250 exhibits, any foreign-language exhibit and its English translation will be treated as one exhibit. To the extent Defendants plan to identify exhibits in the DTX-560 to DTX-564 range (which collectively include more than 140 separate Excel files) Defendants will identify by production number which Excel file will be identified; each file will be considered as one exhibit. Narrowing will not preclude a party from using any exhibit listed in the PTX or DTX exhibit lists for the purposes of cross-examination or impeachment.

158. **Verdict Form and Final Jury Instructions.** The parties have competing proposals for the verdict form. Plaintiff’s proposal is included as Exhibit 19. Defendants’ proposal

is included as Exhibit 20. In accordance with the Court's instructions at the May 21, 2025 pretrial conference, the parties will continue to meet and confer and submit any revised proposed verdict forms and final jury instructions to the Court by **12:00 pm Eastern Time on June 6, 2025.**

159. **Updates Related to Further Meet and Confers on Motions in Limine Issues.**

- Defendants' Motion in Limine No. 1. The Court ruled that the petition for and outcome of the IPR proceedings, the PTAB's findings about the prior art raised in the IPRs, and any alleged willfulness related to the IPR outcome is not admissible. PTC Tr. at 86:8-11; 88:3-6; 90:3-11; 91:4-16. [Plaintiff's Position: CosmoKey requests clarity from the Court regarding the bounds of the Court's decision related to the PTAB findings about the prior art. For instance, the Court's decision does not address whether CosmoKey may offer evidence that the Patent Office considered prior art to rebut Defendants' claims that the Patent Office did not have or consider prior art or similar art. Likewise, the Court's decision does not indicate whether both parties may use the Patent Office's determination about how the '903 patent was different from the prior art. Finally, if the Court later determines that the parties may use statements from the IPR, the level of context a party may provide is unclear, including how the parties would reference and respond to these statements. Defendants' suggestion about different prior art being raised in invalidity fails to address the issue. Defendants still intend to present information about the IPRs and the prior art submitted in connection in those proceedings with its presentations on infringement and invalidity. D.I. 495 at 5-8. In any case, the probative value of any such IPR materials must be determined by how the materials are used

and, as the Court noted, requires a case-by-case assessment. PTC Tr. at 86:11-21.] [Defendants' Position: The Court's ruling on this motion *in limine* is clear: the PTAB's findings and decision will not be admitted, as the probative value of such evidence is substantially outweighed by prejudice. PTC Tr. 91:4–6. There is no prior art reference asserted in the IPR petitions that is at issue as an invalidating prior art reference in this case, so there will be no suggestion that the Patent Office did not consider the references at issue in the IPRs. As to the "level of context," CosmoKey has presented no examples of what further context it believes would be needed, but Defendants understand from the Court's ruling that, in response to evidence about CosmoKey's statements about its claims in the IPRs, CosmoKey would be permitted to provide context regarding either party's statement about the prior art or the prior art reference being discussed, provided CosmoKey refers to the proceeding as part of the prosecution history of the patent.] The Court also held that statements made by either party in the IPRs may be admissible after the Court's review, including as part of the prosecution history. PTC Tr. at 86:11-21. The parties continue to confer on what evidence pertaining to the IPR may be received into evidence and will further apprise the Court on the dispute to the extent any remain. [Plaintiff's Position: The use of IPR materials is also subject to CosmoKey's motion for reconsideration, specifically concerning the potential error in allowing the jury to hear such statements. *See* D.I. 495 at 5-8. The potential for confusion, error and prejudice is particularly true where the documents and excerpts are not provided in their full context in the proceedings.] [Defendants'

Position: Defendants disagree that the potential for confusion, error, or prejudice is likely in light of the Court's ruling. Rather, it would be prejudicial to Defendants if CosmoKey were permitted to state that functionality in the prior art is distinct from the asserted claims to support its patent, but those same statements could not be presented or referenced to explain why an accused product with materially identical functionality to that in the distinguished prior art is different from the claims.]

- Defendants' Motion in Limine No. 3. The Court ruled that the price of Cisco's acquisition of Duo is not admissible, but "[t]he experts are free to talk about the fact that the acquisition happened." PTC Tr. at 109:2-9. The Court also ruled, based on the representation that Defendants were not through this motion *in limine* seeking to exclude Mr. Lewis's royalty base calculations, that overall company revenues of Duo and Cisco that are not part of the quantitative analysis and opinions of the damages experts are not admissible. PTC Tr. at 109:11-17. The Court deferred ruling on the admissibility of Duo's valuations. PTC Tr. at 108:24-25. The parties continue to confer on what, if any, evidence of Duo's valuations may be received into evidence and will further apprise the Court on the dispute to the extent any remain. PTC Tr. at 108:24-25.

The parties reserve the right to seek leave to supplement or amend this pretrial order based on subsequent events or by agreement.

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.

DATED: ______________________________

_______________________________________
United States District Judge

APPROVED AS TO FORM AND SUBSTANCE:

POTTER ANDERSON & CORROON LLP

By: */s/ Andrew M. Moshos*
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

*Attorneys for Plaintiff CosmoKey Solutions GmbH & Co. KG*

Dated: June 2, 2025
12202644 / 19335.00001
Public Version Dated: June 9, 2025

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

By: */s/ Jennifer Ying*
Jennifer Ying (#5550)
Travis J. Murray (#6882)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE 19899
Tel: (302) 658-9200
jying@morrisnichols.com
tmurray@morrisnichols.com

*Attorneys for Defendants Duo Security LLC f/k/a Duo Security, Inc. and Cisco Systems, Inc.*