# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| COSMOKEY SOLUTIONS GMBH & CO. KG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 18-1477-JLH |
| | ) |
| DUO SECURITY, INC. n/k/a DUO SECURITY LLC and CISCO SYSTEMS, INC., | ) **JURY TRIAL DEMANDED** |
| | ) |
| Defendants. | ) |

## COSMOKEY'S REQUEST FOR
## JUDICIAL NOTICE RELATING TO U.S. PATENT NO. 9,544,143

OF COUNSEL:

Scott T. Weingaertner
Stefan Mentzer
John Padro
Matthew Wisnieff
Lauren Kuehn Pelletier
Timothy Keegan
GOODWIN PROCTER LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
Tel: (212) 813-8800

Farzad (Fred) Feyzi
GOODWIN PROCTER LLP
601 Marshall Street
Redwood City, CA 94063
Tel: (650) 752-3100

Dated: June 12, 2025
19335.00001

David E. Moore (#3983)
Bindu A. Palapura (#5370)
Andrew M. Moshos (#6685)
POTTER ANDERSON & CORROON LLP
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
dmoore@potteranderson.com
bpalapura@potteranderson.com
amoshos@potteranderson.com

*Attorneys for Plaintiff CosmoKey Solutions GmbH & Co. KG*

CosmoKey requests that the Court take judicial notice of the fact that U.S. Patent No. 9,544,143 ("the '143 patent") expired on January 10, 2025 for non-payment of maintenance fees. CosmoKey requests that the Court instruct the jury on this fact.

## I.     THE REQUEST FOR JUDICIAL NOTICE

"The court may judicially notice a fact that is not subject to a reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b); *see also Werner v. Werner*, 267 F.3d 288, 301 (3d Cir. 2001) ("An adjudicative fact is one 'not subject to reasonable dispute in that it is . . . capable of accurate and ready determination through unquestionably reliably sources.'"). The Court "***must*** take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2) (emphasis added). Courts, including those in this District, take judicial notice of patent-related documents that are public records, including expiration dates of patents. *See*, *e.g.*, *Genetic Techs. Ltd. v. Bristol-Myers Squibb Co.*, 72 F. Supp. 3d 521, 526 (D. Del. 2014) ("A court may also take judicial notice of prosecution histories, which are 'public records.'"); *Oritz & Assocs. Consulting, LLC v. Vizio, Inc.*, 2023 WL 7184042, at *2 (N.D. Tex. Nov. 1, 2023) (taking "judicial notice of the respective expiration dates of the Asserted Patents").

The Court can accurately and readily determine the fact-to-be-noticed—that the '143 patent expired on January 10, 2025 for non-payment of maintenance fees—from a source whose accuracy cannot reasonably be questioned, the U.S. Patent & Trademark Office. *See In re Chippendales USA, Inc.*, 622 F.3d 1346, 1349 (Fed. Cir. 2020) ("determin[ing] that the registration documents by the PTO are 'capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.'"). The public record of the USPTO reflecting this fact is available at the following link:

1

https://fees.uspto.gov/MaintenanceFees/fees/details?patentNumber=9,544,143&applicationNumber=13%2F039,209&caresActSelected=. **Exhibit A**, attached hereto, is a true and correct copy of this record, the maintenance fee schedule from the USPTO website of the '143 Patent, showing that the patent expired.  The Court "must take judicial notice" because CosmoKey requests judicial notice and has supplied the Court with the necessary information.  Fed. R. Evid. 201(c)(2).

CosmoKey requires judicial notice to rebut Defendants' argument that they had the "patent" on Duo Push.  On June 11, 2025, Defendants offered into evidence the '143 patent, which the Court received as JTX-73.  Defendants have made the '143 patent a centerpiece of their case.  In their opening statement, Defendants' counsel stated:

> ***We have the patent on Duo Push***.  I'm going to talk to you and show you that patent.  And we filed it a year and a half before they filed theirs.  And it was issued.  We were first.  ***And this is what the case is all about***.

Trial Tr. 124:3–10 (emphasis added).  As Defendants argued to the jury that they "have" the patent on Duo Push, an argument they made in connection with JTX-73, the jury now must have before it the relevant fact showing that Defendants do not actually "have" the patent on Duo Push.

## II.     THE REQUEST TO INSTRUCT THE JURY

CosmoKey requests that the Court instruct the jury of the fact that the '143 patent expired on January 10, 2025 for non-payment of maintenance fees.  "In a civil case, the court ***must*** instruct the jury to accept the noticed fact as conclusive."  Fed. R. Evid. 201(f) (emphasis added).  This fact cannot be disputed.

|  |  |
|---|---|
| OF COUNSEL:<br><br>Scott T. Weingaertner<br>Stefan Mentzer<br>John Padro<br>Matthew Wisnieff<br>Lauren Kuehn Pelletier<br>Timothy Keegan<br>GOODWIN PROCTER LLP<br>The New York Times Building<br>620 Eighth Avenue<br>New York, NY 10018<br>Tel: (212) 813-8800<br><br>Farzad (Fred) Feyzi<br>GOODWIN PROCTER LLP<br>601 Marshall Street<br>Redwood City, CA 94063<br>Tel: (650) 752-3100<br><br>Dated: June 12, 2025<br>12261420 / 19335.00001 | Respectfully,<br><br>POTTER ANDERSON & CORROON LLP<br><br>By: */s/ David E. Moore*<br>　　　David E. Moore (#3983)<br>　　　Bindu A. Palapura (#5370)<br>　　　Andrew M. Moshos (#6685)<br>　　　Hercules Plaza, 6th Floor<br>　　　1313 N. Market Street<br>　　　Wilmington, DE 19801<br>　　　Tel: (302) 984-6000<br>　　　dmoore@potteranderson.com<br>　　　bpalapura@potteranderson.com<br>　　　amoshos@potteranderson.com<br><br>*Attorneys for Plaintiff CosmoKey Solutions GmbH & Co. KG* |

12297831v.1